STATE OF NORTH DAKOTA, Respondent, v. JESSE J. ROTH, Appellant.

(220 N. W. 901.)

Opinion filed August 3, 1928.

*A. T. Faber,* for appellant.

*C. F. Kelsch,* State's Attorney, for respondent.

BIRDZELL, J. Jesse J. Roth was convicted of perjury in the district court of Morton county and has appealed to this court from the judgment of conviction. The information charged the offense to have been committed by false swearing in connection with an application for a marriage license, specifically alleging that the defendant "was then and there first duly sworn by Cecile Porter, the duly appointed and acting clerk of the county court of Morton county, North Dakota, a competent officer authorized by law to administer an oath upon an application for a marriage license." There was a demurrer to the information on the

ground that it did not state facts sufficient to constitute a public offense and after the conviction there was a motion in arrest of judgment on the same ground.

Section 9366 of the Compiled Laws of 1913 defines perjury as follows:

"Every person who, having taken an oath that he will testify, declare, depose or certify truly before any competent tribunal, officer or person, in any of the cases in which such an oath may by law be administered, willfully and contrary to such oath, states any material matter which he knows to be false, is guilty of perjury."

Section 4362, Compiled Laws of 1913, makes it the duty of the county judge when applied to by any person for a marriage license to inquire of such person "upon oath relative to the legality of the contemplated marriage." It further provides that "he may examine other witnesses upon oath if deemed best;" and it is expressly provided "that the inquiry above mentioned on oath relative to the legality of such contemplated marriage, and the examination of other witnesses upon oath may be taken and sworn to before a notary public, or other officer authorized to administer oaths." Thus, the proof may be submitted in the form of affidavits.

Section 833, Compiled Laws of 1913, enumerates the officers authorized to administer oaths. In the enumeration judges of the county court are included, as are also "clerks of the county court with increased jurisdiction." The county court in question was not a county court of increased jurisdiction and there is no statute which specifically authorizes the administration of an oath by the clerk of a county court not of increased jurisdiction. However, § 8521 enumerates certain powers that the clerk of a county court may exercise concurrently with the judge. Among these powers is the following: "He may administer oaths authorized or required in any proceeding in the court and certify the same under the seal of the court." The matters in which a county court has jurisdiction and the powers of the court in connection therewith are enumerated in §§ 8524, 8525, 8526 and 8534. These sections do not include proceedings for the obtaining of a marriage license, but in the statute governing such matters (§ 4362, supra) it is made the duty of the county judge to take certain proofs. In taking these proofs and in issuing a license the county judge is not acting as a

county court. He is simply acting as the officer who is authorized to issue a license. Upon such application there is no proceeding pending in the county court. There is merely an application pending before the county judge. The duty of issuing such a license might well have been placed upon any ministerial officer and the fact that the county judge was designated as such officer does not convert the application into a proceeding pending in the county court. We are of the opinion that the narrow question presented as to whether the oath was administered by a person authorized by law to administer an oath must be answered in the negative.

It follows that the judgment must be reversed. It is so ordered.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and BURKE, JJ., concur.