GRAND FORKS HERALD, Inc., a Corporation, Plaintiff and Appellant,

v.

Evelyn LYONS, Judge of the County Court, Grand Forks County, North Dakota, Defendant and Respondent.

No. 7869.

Supreme Court of North Dakota.

Feb. 29, 1960.

Shaft, Benson & Shaft, Grand Forks, for plaintiff and appellant.

Philip R. Bangs, Grand Forks, for defendant and respondent.

STRUTZ, Judge.

The plaintiff brings this action to compel the county court of Grand Forks County to submit for inspection of the plaintiff's reporters all records of the county court listed in Section 27–0732 of the North Dakota Revised Code of 1943, including:

"* * * every order affecting a substantial right or directing the performance of a duty, every final order or decree, all wills which are admitted to probate, all bonds of executors, administrators, guardians, and surviving partners of deceased persons which are accepted and approved, and all letters issued to executors, administrators, and guardians."

The plaintiff also demands the right to inspect all marriage license records, including applications for such marriage licenses.

The plaintiff contends that Chapter 305 of the 1957 Session Laws of the State of North Dakota, now Section 44–0418 of the 1957 Supplement to the 1943 Revised Code, gives to the plaintiff the right to inspect all of the records of the county court except such as are made confidential by specific statutes. The 1957 Act provides:

"44–0418. Access To Public Records. Except as otherwise specifically provided by law, all records of public or governmental bodies, boards, bureaus, commissions or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expanding public funds, shall be public records, open and accessible for inspection during reasonable office hours."

The defendant, on the other hand, contends that the words "except as otherwise specifically provided by law" include the records of the county court since the law specifically provided, prior to the passage of the 1957 Act, what inspection could be made of county court records. Section 27–0736 of the North Dakota Revised Code of 1943 provides in part:

"The judge of each county court shall safely keep the records of such court and all documents and other papers lawfully entrusted to him by virtue of his office or in the course of any proceeding before him. * * * The records of the court shall be open to inspection during office hours by persons having business therewith."

The trial court held that the provisions of Section 44–0418 of the 1957 Supplement do not apply to records of the county court since there was no specific repeal of the provisions of Section 27–0736 providing that records of the county court shall be open to inspection "by persons having business therewith." The court further held that, since repeals by implication are not favored, the provisions of Section 27–0736 are still in full force and effect.

■ We believe that the provisions of Section 44–0418 of the 1957 Supplement do not apply to the records of the county court. We base this holding not on the ground that the 1957 law does not repeal the provisions

of Section 27–0736 of the 1943 Revised Code because there is no repeal clause, but because the provisions of the 1957 law do not in our opinion refer to the records of the county court. The so-called "right to know" law of 1957 refers to "all records of public or governmental bodies, boards, bureaus, commissions or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, * * *".

 We do not believe that any of the designations refer to or include records of county courts. Counsel for the plaintiff and appellant contends that county courts come within the designation "agencies of the state." If the Legislative Assembly had intended that the provisions of this law should be so broad as to include the county courts, it would have been a simple matter to say so. We have examined the legislative proceedings which resulted in passage of this law, and nowhere do we find any indication that the Legislature intended "agencies of the state" to include the courts or to include anything except those departments, agencies, and bureaus of the State which it clearly included, such as "governmental bodies, boards, bureaus, commissions, * * * or political subdivisions." The Legislature no doubt intended to make information available to the public relative to the spending of public monies and the handling of public business. And that is all that it intended.

 We further do not believe that the term "agencies of the state" includes the county courts, as contended by the plaintiff, because the word "agency" denotes a relation created by law or contract whereby one party delegates the transaction of some lawful business to another. Black's Law Dictionary, 3d Ed., p. 78. A county court, however, is not an "agency" of the State in the sense in which that term is used in the 1957 statute. We cannot read into that statute, which provides that records of public or governmental bodies, boards, bureaus,

commissions, or agencies of the State or any political subdivision of the State, or organization or agencies supported in whole or in part by public funds, or expending public funds, shall be open to inspection by the public, an interpretation that this shall include records of the county courts. Surely the Legislature, in passing the 1957 statute, did not intend to extend to the public the right to pry into or meddle with the private matters of persons who have business in the county court. What the Legislature was attempting to accomplish was to provide the public with the right and the means of informing itself of the conduct of the business in which the public has an interest, in order that the citizen and taxpayer might examine public records to determine whether public money is being properly spent, or for the purpose of bringing to the attention of the public irregularities in the handling of public matters. We therefore hold that the provisions of Section 44–0418 of the 1957 Supplement do not include or apply to the records of the county court.

Since the provisions of Section 44–0418 of the 1957 Supplement do not apply to records of the county court, we must next determine what right, if any, the plaintiff has to inspect the records of the county court under the provisions of Section 27–0736 of the 1943 Revised Code.

Let us first determine what constitutes county court records. Section 27–0732 provides for the keeping of record books by the county court, and provides that in such record books there shall be transcribed " * * * every order affecting a substantial right or directing the performance of a duty, every final order or decree, all wills which are admitted to probate, all bonds of executors, administrators, guardians, and surviving partners of deceased persons which are accepted and approved, and all letters issued to executors, administrators, and guardians."

 The plaintiff in its complaint has demanded that it be permitted to inspect applications for marriage licenses made to

the county court. Marriage licenses are not mentioned in Section 27–0732 as being a record to be kept by the county court. Furthermore, this court has held that issuing marriage licenses is not a proceeding in the county court. State v. Roth, 57 N.D. 196, 220 N.W. 901. We therefore believe that the application for and issuance of marriage licenses, not being proceedings in the county court, are open to inspection under the terms of the 1957 statute, provided such applications and licenses contain no information specifically made confidential by law. In accepting the applications for marriage licenses and the issuance of licenses, the county court would come within the designation of public or governmental bodies whose records are made accessible for inspection by the provisions of Section 44–0418 of the 1957 Supplement.

█ The records of the county courts set forth in Section 27–0732 of the North Dakota Revised Code of 1943 are, under the provisions of Section 27–0736, records of the court which " * * * shall be open to inspection during office hours by persons having business therewith." When the word "business" is used in a statute, its meaning depends upon the context or upon the purpose of the Legislature. Karnuth v. United States, 279 U.S. 231, 49 S.Ct. 274, 73 L.Ed. 677; City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680.

█ Webster defines "business" as being that which one has to do, or should do; something that is "the affair or concern" of a person; a mercantile transaction or traffic in general. The meaning of the word "business" as used in Section 27–0736 would imply some activity involving a direct or personal interest, and we so construe its meaning.

█ We believe that the Legislature, in providing that the records of the county court should be open to inspection during office hours "by persons having business therewith," did not intend to open such records to the public generally. Had that

been the intent, the Legislature could have said so in simple language. But access to such records is limited to persons who have "business therewith." Surely it cannot be argued that the doctor or the storekeeper or the village gossip have such an interest in the estate of a neighbor who lived in the next block that their interest in the records of his estate constitutes "business therewith."

If the general public has access to the records of the county court only to the extent that it has "business therewith," has the plaintiff, as a newspaper, any greater right than the general public? The plaintiff contends that, since its business is the gathering of news, it does have business with such records, such business being for the purpose of getting the news. We do not believe that the plaintiff or its reporters are entitled to a right of inspection greater than that given to the public generally. In the case of Trimble v. Johnston, D.C., 173 F. Supp. 651, decided in June of 1959, the court held that the freedom of the press does not include a right on the part of the plaintiff as a newspaper to inspect records not open to the members of the public generally. We adopt that reasoning in this case, and hold that the plaintiff as a newspaper has no greater right of inspection than that given to the public generally.

In the light of the foregoing, it is our opinion that the plaintiff's right to access to records of the county court is limited to such records as come within the term "having business therewith"; we further hold that the plaintiff, as a member of the press, is entitled to no greater right of inspection than that given to the public generally; that the provisions of Section 44–0418 of the 1957 Supplement do not include the records of the county court as set forth in Section 27–0732.

We further hold that applications for marriage licenses and the issuance of marriage licenses, not being "proceedings" in county court, are not records to be kept by the county court but are "public records,"

included in the definition of that term in Section 44–0418 of the 1957 Supplement, and are subject to inspection by the plaintiff under the provisions of said Section 44–0418, making records of public or governmental bodies, boards, bureaus commissions, or agencies of the State or any political subdivision of the State, or organizations or agencies supported in whole or in part by public funds, or expending public funds, public records which are open and accessible for public inspection, provided such applications and marriage licenses contain no information specifically made confidential by law.

The judgment of the district court is affirmed.

SATHRE, C. J., and MORRIS, BURKE, and TEIGEN, JJ., concur.