**STATE ex rel. WILLISTON HERALD, INC.,**
Petitioner,

v.

**Lawrence O'CONNELL, Judge of the Williams County Court of Increased Jurisdiction, Respondent.**

**Civ. No. 8397.**

Supreme Court of North Dakota.

June 2, 1967.

[redacted]

Rolfstad, Winkjer, Suess & Herreid, Williston, for petitioner.

LeRoy P. Anseth, State's Atty., Williams County, for respondent.

Wheeler & Daner, Bismarck, amicus curiæ.

STRUTZ, Judge.

This is a proceeding wherein the Williston Herald petitions for an original writ of mandamus to compel the county judge of the Williams County Court of Increased Jurisdiction to permit the inspection of the criminal records and files in that court for the purpose of securing the names and addresses of persons charged with criminal offenses, and of learning the disposition made by the court of such charges in each case.

The facts do not appear to be in dispute. It is conceded that this proceeding pertains only to criminal matters. The petitioner does not contend that it is being denied the right to have its reporter present at the trial of these criminal actions, nor does it claim that it is excluded when the decision in each case is announced. It does complain bitterly, however, of the respondent's refusal to make available to its reporters the records of the court, after determination of the criminal cases, so that the newspaper can publish the name, address, criminal charge, and disposition made in each case. It desires to inspect the criminal records of the county court so that this information can be obtained without having its reporter present throughout the trial of each case. This proceeding involves, therefore, not so much the right of the petitioner to secure the information it seeks as it does the method of getting such information. The petitioner's contention that this proceeding involves the public's "right to know" is not entirely accurate, since it involves only the method by which it is to gain its knowledge.

The petitioner contends that it is not feasible to have a reporter present at all times because the newspaper cannot afford to assign a reporter to the respondent's court to remain there throughout the trial of each case until a verdict or decision is rendered. It contends that this should not be necessary because the records and files of the court are public records and should be available to petitioner's reporters for the purpose of securing such information as the petitioner needs for its purposes. The respondent, on the other hand, contends that the records are kept in the vault where other files and records which are made confidential by law also are kept; that the respondent has the duty to safely keep all of his records; that any right which the petitioner may have to inspect the records of the court is limited by the respondent's duty to safely keep his records, and is not so broad as to permit petitioner's reporters, and others who have rights equal to that of the petitioner, to enter the vault at any time and to "paw through my files." The respondent contends that the right of the petitioner's reporters to be present at the trial of each case complies with any right which the petitioner has, or which anyone else may have, to know what is going on in court, and that the court therefore has a right to protect its files and to limit or deny

inspection of the records and files in each case after trial.

The respondent also contends that an original writ of mandamus is not the proper remedy for the petitioner to pursue in this matter, and that the petitioner has a plain, speedy, and adequate remedy at law; that this court therefore should not take original jurisdiction in this matter. In support of this contention, he points to the decision of this court in the case of Grand Forks Herald, Inc. v. Lyons (N.D.), 101 N.W.2d 543, as being a fact situation identical to the one now presented to this court, and argues that in the *Grand Forks Herald* case the newspaper commenced its action in the district court to compel the county judge to allow it access to the court's records.

Section 86 of the North Dakota Constitution provides that the Supreme Court, except as otherwise provided in the Constitution, shall have appellate jurisdiction only. Section 87 provides that the Supreme Court shall have the power to issue—

"* * * writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have authority to hear and determine the same; * * *."

■ Ordinarily, the power vested in the Supreme Court by the Constitution to issue original and remedial writs is a discretionary power, and this court will determine for itself in each case whether that particular case is within its original jurisdiction. State ex rel. Lyons v. Guy (N.D.), 107 N.W.2d 211, 215; State ex rel. Foughty v. Friederich (N.D.), 108 N.W.2d 681.

■ Such original writs will be issued at the request of a private relator only in exceptional cases, and then only when the Attorney General has first been asked to institute proceedings and has refused to do so or has unreasonably delayed any action

thereon. State ex rel. Lyons v. Guy, supra. A request was made to the Attorney General in this proceeding, and such request was refused.

The respondent thus contends that the petition for an original writ should be denied on the ground that the petitioner has a plain, speedy, and adequate remedy at law, and that this court therefore should refuse to take original jurisdiction. We believe that this proceeding can be distinguished from the situation in Grand Forks Herald, Inc. v. Lyons, supra. It is true that the records in that case, to which the newspaper was demanding access, also were county court records. But they were probate records, and not criminal records of the county court of increased jurisdiction.

An appeal from a decision of the county court in probate matters is taken, under our law, to the district court. See Sec. 30–26–01, N.D.C.C. In criminal matters, however, the county court of increased jurisdiction has concurrent jurisdiction with the district court of all crimes below the grade of felony. Sec. 111, N. Dak. Constitution; Sec. 27–08–20, N.D.C.C.

The provisions of law and rules of practice applicable to the district courts, including those relating to appeals to the Supreme Court, are made applicable to county courts of increased jurisdiction. Sec. 27–08–24, N.D.C.C.

■ Since appeal from a criminal judgment in the county court of increased jurisdiction is taken directly to the Supreme Court, the district court would have no jurisdiction to hear any question which arises in the exercise of the jurisdiction of the county court of increased jurisdiction in criminal matters. Thus a district court would have no jurisdiction to consider the question which is raised by the relator in this proceeding.

■ For these reasons, we find that the matter presented by the relator is an ex-

ceptional matter and one which we, in the exercise of our discretion, have determined presents a controversy affecting the prerogatives and liberties of the people of this State.

Having assumed original jurisdiction, the question for us to determine is: Are the criminal records of a county court of increased jurisdiction open to inspection during all office hours as a matter of right; or is the right of the public, including the right of the petitioner in this proceeding, to appear in open court at the trial of all criminal cases the only right which the public, including the petitioner, has to acquaint itself with the facts and information regarding such criminal cases? If such records are open to inspection, we next must determine whether the county court of increased jurisdiction has the right to adopt reasonable rules fixing time, place, and method for inspection of its records.

Section 44-04-18 of the North Dakota Century Code makes records of certain governmental bodies, boards, agents, and agencies of the State open to inspection during reasonable office hours. This court has held, however, that the provisions of this section do not apply to county court records. Grand Forks Herald, Inc. v. Lyons (N.D), 101 N.W.2d 543.

■ Our Legislature also has provided that the judge of each county court shall safely keep the records and all documents and other papers lawfully entrusted to him by virtue of his office or in the course of any proceedings before him, and that "the records of the court shall be open to inspection during office hours by persons having business therewith." Sec. 27-07-36, N.D.C.C. We held in the *Grand Forks Herald* case, supra, that the right to inspect which is given by this section is limited to persons who have business with such records and does not include newspaper reporters. However, we also held that the provisions of this section were limited to probate records. Thus this statute would not apply to the criminal records of the respondent county court of increased jurisdiction.

The only pronouncement by our Legislative Assembly relating to records of the county court of increased jurisdiction is Section 27-08-10, North Dakota Century Code. That section provides:

"The judge of a county court having increased jurisdiction shall have the care and custody of all the records of the court which relate to actions or proceedings within its civil and criminal jurisdiction."

■ The statute is silent as to any right of inspection of these records. If such right exists, it is not because of any statutory authority, but because judicial records, generally, are accessible to the public for any proper purpose.

We need not consider in this case the very impassioned arguments made by counsel on the right of the public to know what is taking place in tax-supported departments, agencies, and other governmental subdivisions. As previously stated, the right to know is not involved in this lawsuit. The trials in respondent's court are open to the public, and the petitioner's reporters, or anyone else, may attend such trials. We are faced here not with the right to know, but with the very limited question of the right of the petitioner to inspect the criminal records of the court after the trial has been concluded. According to the evidence before us, the petitioner demanded of the respondent unrestricted access to the criminal records of the court, while the respondent contended that, since petitioner's reporters are permitted to attend any criminal trial conducted in his court, the petitioner does not have any further right to inspect the records after the proceedings are completed. He points out that all of the information which the petitioner is demanding for its purposes may be secured by its reporters if they attend the public trial of any case in which the petitioner is interested.

We have carefully considered this entire question. We believe that it is the right of the public to inspect the records of judicial proceedings after such proceedings are completed and entered in the docket of the court. 76 C.J.S. Records § 36, Subdivision Judicial Records, p. 140. Werfel v. Fitzgerald, 23 A.D.2d 306, 260 N.Y.S.2d 791. Such right, however, is not an unlimited one, as contended for by the petitioner. The court may, in its discretion, impound its files in a given case when justice so requires, and in that event may deny inspection thereof. Sanford v. Boston Herald-Traveler Corp., 318 Mass. 156, 61 N.E.2d 5; In re Caswell's Request, 18 R.I. 835, 29 A. 259, 27 L.R.A. 82, 49 Am. St.Rep. 814.

Therefore, any right of inspection of the respondent's criminal records is subject to reasonable rules and regulations as to who may inspect the records and where and how such inspection may be made. It is not, as the petitioner contends, an unrestricted right. Granting an unrestricted right of inspection at any time during business hours would disrupt the normal operation of any court. Unlimited and unsupervised inspection would also expose certain files which are privileged under the law, to view by persons who are not authorized to see them. We would further point out that the respondent is responsible for the safekeeping of all of his records, and unlimited, unsupervised inspection would endanger the safety of such files and in some cases might even result in their being altered or lost.

The records of criminal trials conducted in respondent's court are public only after such proceedings are completed and entered in the docket of the court. But, adopting this view, the rule must not be construed as giving an unlimited and unrestricted right of inspection of such criminal records. Even the most favorable view which we might adopt favoring the right of inspection would require the petitioner, and any other party who desires to examine such records, to comply with reasonable rules and regulations which may be provided for their inspection. We believe that the right to inspect files and records and the obligation of the court to operate a competent tribunal and to safeguard and protect its records are not necessarily incompatible if all of the parties will recognize their respective responsibilities.

We hold, therefore, that the petitioner does have the right to inspect the criminal records of the respondent's court of increased jurisdiction. But this right is not an unlimited one, as the petitioner contends. The respondent has the power and the authority to provide reasonable rules and regulations for such inspection as to when, where, and how inspection may be made. The respondent has the duty to properly safeguard and protect the records of his court. The right of inspection is not one which the petitioner may exercise at its whim and wish, because this would result in the disruption of the work of the court and of its staff. The respondent, therefore, has the power and the authority to adopt reasonable rules fixing time, place, and manner for the inspection of the court's criminal records. The petitioner, if it desires to examine the records, must comply with such reasonable rules.

For reasons stated herein, the alternative writ, as limited by this opinion, is granted.

Because the issues raised in this proceeding are public issues, costs are not allowed to either party.

TEIGEN, C. J., and ERICKSTAD, KNUDSON, and PAULSON, JJ., concur.