**The FORUM PUBLISHING COMPANY, Plaintiff and Appellee,**

v.

**The CITY OF FARGO, Defendant and Appellant.**

**Civ. No. 11161.**

Supreme Court of North Dakota.

July 18, 1986.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiff and appellee; argued by H. Patrick Weir and Lori J. Beck.

Solberg, Stewart, Boulger & Miller, Fargo, for defendant and appellant; argued by Wayne O. Solberg.

ERICKSTAD, Chief Justice.

The City of Fargo (City) appeals from a writ of mandamus ordering it to deliver to the Forum Publishing Company and other members of the media the applications and records disclosing the names and qualifications of applicants for Chief of Police of Fargo. We affirm.

When the Chief of the Fargo Police Department announced his retirement, effective January 4, 1986, the Fargo City Commission hired Personnel Decisions, Inc. (PDI) to help it select a new police chief. PDI is a consulting firm specializing in evaluating applications for executive positions. Pursuant to its agreement[1] with the City, PDI was to evaluate the applicants and transmit to the City the names and qualifications of the six applicants that PDI determined were most qualified. Thereafter, PDI and a local citizens committee appointed by the City were to conduct further evaluations and submit their recommendations to the City for a final decision.

PDI placed advertisements soliciting applications for the position in a number of trade publications. The advertisements indicated that interested persons could obtain applications by contacting the personnel department of the City and that completed applications were to be mailed to PDI by December 31, 1985. PDI received approximately 45 applications for the position. After the deadline for receiving applications had passed, the Forum requested that the City furnish it with the applications and records disclosing the names and qualifications of all the applicants for the position. The material was not produced, and the Forum commenced a declaratory judgment action and sought a writ of mandamus to compel disclosure of the documents on the grounds that they were records subject to disclosure under Section 44-04-18, N.D. C.C.

The district court concluded that the applications and records disclosing the names and qualifications of the applicants were records subject to disclosure under Section 44-04-18, N.D.C.C. The district court ordered the City to notify all applicants that disclosure would be made, thereby allowing applicants not wanting their names to be made public to withdraw their applications, and to thereafter provide to the Forum and other members of the media the applica-

tions and records of the remaining applicants. The City appealed.

■ The City's application for a stay pending appeal was denied by the district court and by this court, and the documents have been released to the Forum and other members of the media. Thus, the first issue we must consider on appeal is whether that event renders the instant appeal moot.

Ordinarily an appeal will be dismissed if the question raised on appeal has become moot or if, without fault of the respondent, an event has occurred which makes a determination of the question unnecessary and leaves no actual controversy to be determined. *Wahpeton Public School District v. North Dakota Education Ass'n*, 166 N.W.2d 389 (N.D.1969); *Hart v. Bye*, 86 N.W.2d 635 (N.D.1957). However, in *Hart v. Bye, supra*, 86 N.W.2d at 637, we noted that an appeal will not be dismissed as moot if it involves a question of great public interest, and we quoted with approval the following:

> "'We understand "public interest" to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.'"

In *North Dakota Wheat Growers' Ass'n v. Moore*, 52 N.D. 904, 204 N.W. 834 (1925), we stated that if the matter in controversy appears to be one of great public interest and involves the authority and power of public officials, the appeal will not be dismissed as moot.

The United States Supreme Court has said that a case is not moot if the controversy is "capable of repetition, yet evading review." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683 (1976).

---

1. The agreement was not made part of the record in district court and is not before us on appeal.

We believe that the issue presented in this case is a question of great public interest and involves the right of the public and community at large to be informed of matters of public concern. Moreover, the case also indirectly involves the authority and power of public officials with respect to the use of third parties in the hiring of public officials and the applicability of the open-record law to that third party. The instant case is capable of repetition in that any public body may wish to use a consulting firm to assist it in hiring public officials. The issues in this case may also evade review because a stay may be denied in a future case in order to allow the information to be available to the public during the hiring process. If a stay were granted, the hiring process would either be delayed pending appeal or done without the information available to the public. Either result is undesirable because one would unnecessarily hamper the governmental hiring process and the other would defeat the purpose of making the information available to the public. We therefore conclude that this case is not moot and proceed to the merits.

■ The City contends that the applications and supporting documents are not "records" subject to North Dakota's open-record law.

North Dakota's open-record law, Section 44–04–18, N.D.C.C., tracks Art. XI, § 6, N.D. Const.,[2] and provides:

"*44–04–18. Access to public records— Penalty.—*

"1. Except as otherwise specifically provided by law, all records of public or governmental bodies, boards, bureaus, commissions or agencies of the state or any political subdivision of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public

records, open and accessible for inspection during reasonable office hours.

"2. Violations of this section shall be punishable as an infraction."

The term "records" is not specifically defined in Chapter 44–04, N.D.C.C. In *City of Grand Forks v. Grand Forks Herald*, 307 N.W.2d 572 (N.D.1981), we held that the personnel file of a former Chief of Police of Grand Forks was a public record subject to disclosure pursuant to Section 44–04–18, N.D.C.C., and Art. XI, § 6, N.D. Const. We noted that the legislative history concerning Section 44–04–18, N.D.C.C., revealed that the legislature intended to give the term "record" an expansive meaning and that the personnel file of a City did not come within any specific statutory exception to the open-record law. We said:

"Public records are not, as the City contends, limited to those records which are required by law to be kept and maintained. The use of the term 'record' implies that a document of some official import be retained by the public officer or employee in the course of his public duties. We are directed to no statutory authority which prescribes the maintenance of municipal personnel files or the material to be retained in those files; yet the expansive language of § 44–04–18, N.D.C.C., seems to dictate that municipal personnel files are records open to inspection by the public. Both Article XI, § 6 of the North Dakota Constitution and § 44–04–18, N.D.C.C., specify that 'except as otherwise provided by law', public records are open to the public for inspection. If the City and Knutson believe that municipal personnel records are not open to public inspection, a remedy must be sought with the Legislature. Municipal personnel records are public records by virtue of § 44–04–18, N.D.C.C."

*City of Grand Forks v. Grand Forks Herald, supra*, 307 N.W.2d at 578.

2. Art. XI, § 6, N.D. Const. provides:

"*Section 6.* Unless otherwise provided by law, all records of public or governmental bodies, boards, bureaus, commissions, or agencies of the state or any political subdivi-

sion of the state, or organizations or agencies supported in whole or in part by public funds, or expending public funds, shall be public records, open and accessible for inspection during reasonable office hours."

In a special concurrence, Justice Vande-Walle also expressed the opinion that the remedy for exempting personnel files from the open-record law was through the Legislature. The Legislature has not created such an exception, and, in the absence of specific statutory exemption and given the broad and expansive reading of Section 44–04–18, N.D.C.C., and the admonishment in *City of Grand Forks v. Grand Forks Herald, supra,* we believe that the job applications in this case are part of the personnel records of the City and are subject to the open-record law.

The City contends that even if these documents are subject to the open-record law, PDI is an independent contractor and not an agent of the City, and the documents were in the possession of PDI. However, whether PDI is an independent contractor or agent is not relevant because the issue of vicarious liability is not present. In *Grand Forks Herald v. Lyons,* 101 N.W.2d 543, 546 (N.D.1960), we construed the term "agencies" as used in Section 44–04–18, N.D.C.C., to mean a relationship created by law or contract whereby one party delegates the transaction of some lawful business to another.

PDI was hired by the City to screen and evaluate candidates for a public office. If the City had undertaken this task without hiring PDI, the applications would clearly have been subject to the open-record law. We do not believe the open-record law can be circumvented by the delegation of a public duty to a third party, and these documents are not any less a public record simply because they were in the possession of PDI.

In *Grand Forks Herald v. Lyons, supra,* 101 N.W.2d at 546, we said that the purpose of the open-record law was:

> "... to provide the public with the right and the means of informing itself of the conduct of the business in which the public has an interest, in order that the citizen and taxpayer might examine public records to determine whether public money is being properly spent, or for the purpose of bringing to the attention of

the public irregularities in the handling of public matters...."

This purpose of the open-record law would be thwarted if we were to hold that documents so closely connected with public business but in the possession of an agent or independent contractor of the public entity are not public records. We conclude that the documents in this case are public records within the meaning of Section 44–04–18, N.D.C.C.

The order granting the writ of mandamus is affirmed.

VANDE WALLE, GIERKE and MESCHKE, JJ., and OLSON, District Judge, concur.

OLSON, District Judge, sitting in place of LEVINE, J., disqualified.