NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CYBER NINJAS, INC., *Petitioner*,

*v.*

THE HONORABLE JOHN HANNAH, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

PHOENIX NEWSPAPERS, INC., an Arizona corporation, and KATHY
TULUMELLO; ARIZONA STATE SENATE, a public body of the State of
Arizona; KAREN FANN, in her official capacity as President of the
Arizona State Senate; WARREN PETERSEN, in his official capacity as the
Chairman of the Arizona Senate Committee on the Judiciary; SUSAN
ACEVES, in her official capacity as Secretary of the Arizona State Senate,
*Real Parties in Interest*.

No. 1 CA-SA 21-0173
FILED 11-9-2021

---

Petition for Special Action from the Superior Court in Maricopa County
No. LC2021-000180-001
The Honorable John Hannah, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, John D. Wilenchik, Jordan C. Wolff
*Counsel for Cyber Ninjas, Inc.*

Ballard Spahr LLP, Phoenix
By David Jeremy Bodney, Craig Hoffman, Matthew E. Kelley
*Counsel for Real Parties in Interest Phoenix Newspapers, Inc. and Kathy
Tulumello*

Statecraft PLLC, Phoenix
By Kory A. Langhofer, Thomas J. Basile
*Counsel for Real Parties in Interest Arizona State Senate, Karen Fann, Warren
Petersen, and Susan Aceves*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which
Acting Presiding Judge David B. Gass and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1 Petitioner Cyber Ninjas, Inc. ("Cyber Ninjas") seeks relief
from the superior court's order denying its motion to dismiss the special
action complaint filed against it by Phoenix Newspapers, Inc. and Kathy
Tulumello (collectively "PNI"). For the following reasons, we accept
jurisdiction but deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2 The Arizona Senate initiated an audit of voting equipment
used and ballots cast in Maricopa County in the 2020 general election, and
it retained Cyber Ninjas, a private corporation, to serve as its primary
vendor for that audit. Cyber Ninjas then hired multiple private companies
to assist it in the audit.

¶3 In June 2021, the Arizona Republic, published by Phoenix
Newspapers, Inc., served a request on Cyber Ninjas to inspect documents
relating to the audit. The newspaper asserted the documents were public
records subject to inspection under Arizona's Public Records Law ("PRL"),
Chapter 1 of Title 39, Arizona Revised Statutes ("A.R.S"). Cyber Ninjas did
not produce any records to the Arizona Republic in response to its request.

¶4 PNI then filed a statutory special action under the PRL against
Cyber Ninjas, the Senate, Senate President Karen Fann and other Senate

2

officials. Cyber Ninjas moved to dismiss the complaint, which the superior court denied. Citing A.R.S. § 39-121.02, the court ordered Cyber Ninjas to produce copies of public records related to the audit in its possession, custody, or control. Cyber Ninjas then petitioned for special action seeking relief from: (1) the superior court's denial of its motion to dismiss and (2) the order to produce any public records directly to PNI. At Cyber Ninjas' request, we temporarily stayed the superior court's order that it produce all documents directly to PNI.[1]

## SPECIAL ACTION JURISDICTION

**¶5** Special action review is generally appropriate if a party has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *see generally Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 201, ¶¶ 5-7 (App. 2012). Our decision to accept special action jurisdiction is discretionary and is "appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again." *State v. Superior Court (Landeros)*, 203 Ariz. 46, 47, ¶ 4 (App. 2002).

**¶6** Here, the issues raised in the petition are pure questions of law and are of statewide importance. Accordingly, we accept special action jurisdiction.

## DISCUSSION

**¶7** This case presents a question of statutory interpretation, which we review de novo. *McHale v. McHale*, 210 Ariz. 194, 196, ¶ 7 (App. 2005).

**¶8** The PRL requires "[a]ll officers and public bodies" to "maintain all records . . . reasonably necessary or appropriate to maintain an accurate knowledge of their official activities and of any of their activities that are supported by monies from this state or any political subdivision of

---

[1] The Senate is not a party to this special action proceeding from the superior court's ruling against Cyber Ninjas. We note that, as a consequence of our ruling in *Fann v. Kemp*, 1 CA-SA 21-0141, 2021 WL 3674157 (Ariz. App. Aug. 19, 2021) (mem. decision), the Senate has formally asked Cyber Ninjas to produce to the Senate certain documents relating to the audit that remain in Cyber Ninjas' possession. Per the parties' agreement, we ordered Cyber Ninjas to promptly begin processing the Senate's request to disclose those documents to the Senate for it to review on an ongoing basis.

this state." A.R.S. § 39-121.01(B). Arizona law imposes additional duties on those responsible for public records. For example, "[e]ach public body shall be responsible for the preservation, maintenance and care of that body's public records, and each officer shall be responsible for the preservation, maintenance and care of that officer's public records." Each public body also has a duty "to carefully secure, protect and preserve public records from deterioration, mutilation, loss or destruction . . . ." A.R.S. § 39-121.01(C).

¶9　　　　We recently addressed a request for audit documents made to the Arizona Senate under the PRL. *Fann*, 1 CA-SA 21-0141, at \*4-5, ¶¶ 23-25. In that case, we rejected the Senate's contention that records relating to the audit that remain in Cyber Ninjas' possession are not subject to the PRL and we ruled the Senate must obtain from Cyber Ninjas any records that were requested under the PRL. *Id.* at ¶¶ 21-25 (holding Cyber Ninjas was the Senate's agent in performing an "important legislative function"). To be clear, and because Cyber Ninjas continues to argue to the contrary, we reiterate our holding in *Fann* that documents relating to the audit are public records subject to the PRL even if they are in the possession of Cyber Ninjas rather than the Senate. *Id.* at \*4, ¶ 23.

¶10　　　　Cyber Ninjas also argues it cannot be subject to suit under the PRL because it is not a public entity, an issue that, as PNI acknowledges, was not before this court in *Fann*. In support of the superior court's ruling, PNI first argues Cyber Ninjas is subject to suit under the PRL because it is an "officer" of the Senate or a "public body." We disagree.

¶11　　　　Section 39-121.01(A) defines "Officer" and "Public body" as follows:

> A. In this article, unless the context otherwise requires:
>
> 1. "Officer" means any person elected or appointed to hold any elective or appointive office of any public body and any chief administrative officer, head, director, superintendent or chairman of any public body.
>
> 2. "Public body" means this state, any county, city, town, school district, political subdivision or tax-supported district in this state, any branch, department, board, bureau, commission, council or committee of the foregoing, and any public organization or agency, supported in whole or in part by monies from this state

4

or any political subdivision of this state, or expending monies provided by this state or any political subdivision of this state.

A.R.S. § 39-121.01(A)(1), (2).

¶12        Cyber Ninjas has performed a public function in undertaking the audit and was paid with public funds to do so.  Nevertheless, although the Senate delegated its legislative responsibilities with respect to the audit to Cyber Ninjas, Cyber Ninjas is not a "public body" or "officer" as the PRL defines those terms.  Neither definition in A.R.S. § 39-121.01 encompasses a private contractor, and Cyber Ninjas cannot fairly be characterized as either.  *See supra* ¶ 11.

¶13        PNI also argues it may obtain relief against Cyber Ninjas under the PRL because Cyber Ninjas is the sole "custodian" of documents that are public records subject to disclosure under the PRL.  We agree.

¶14        As PNI contends, the PRL requires a "custodian" of public records to "promptly furnish" requested records.  A.R.S. § 39-121.01(D)(1). Although the PRL does not define "custodian," that word commonly means "[a] person or institution that has charge or custody (of a child, property, papers, or other valuables)," or "[s]omeone who carries, maintains, processes, receives, or stores a digital asset."  *Black's Law Dictionary* 483 (11th ed. 2019).  "Custody" means "[t]he care and control of a thing or person for inspection, preservation, or security."  *Id.*; *W. Valley View Inc. v. Maricopa Cnty. Sheriff's Office*, 216 Ariz. 225, 229, ¶ 16 (App. 2007).

¶15        To the extent Cyber Ninjas is in sole possession of audit-related public records because of its contract with the Senate, Cyber Ninjas has become the custodian of those records under the PRL.  And as to those records, Cyber Ninjas has assumed the obligations the PRL assigns to a "custodian" of public records.  Under the PRL, a person seeking public records must make its request to the "custodian" of the records.  A.R.S. § 39-121.01(D)(1).  "Access to a public record is deemed denied if a custodian fails to promptly respond to a request for production of a public record."  A.R.S. § 39-121.01(E).

¶16        In the event a custodian of public records refuses a request for those records, the person denied access "may appeal the [custodian's] denial through a special action in the superior court, pursuant to the rules of procedure for special actions against the officer or public body."  A.R.S. § 39-121.02(A).  As noted, PNI's special action complaint also properly named the Senate and various Senate officials.  Although the PRL does not

specify that a suit for damages may be brought against a custodian of public records, *see* A.R.S. § 39-121.02(C), in these circumstances, nothing prevents a party from joining a custodian of records as a party to a statutory special action under the PRL. *See* Ariz. R.P. Spec. Act. 2(a)(1), (b) (court may order joinder of persons[2] other than the "body, officer or person against whom relief is sought."). *See also Arpaio v. Citizen Publ'g Co.*, 221 Ariz. 130, 133, ¶ 10 n.4 (App. 2008); *Gerow v. Covill*, 192 Ariz. 9, 14, ¶ 21 (App. 1998) (citing Ariz. R. Civ. P. 19(a)(1)(A) (where feasible, joinder may be required of a person "if, in that person's absence, the court cannot accord complete relief among existing parties.")).

¶17        Here, Cyber Ninjas was properly joined as a necessary party in PNI's special action because, even though it is a private company, as a contractor and agent of the Senate, it is alleged to be the sole custodian of records pertaining to the audit that are subject to disclosure under the PRL. In other words, joinder of Cyber Ninjas is necessary only because the Senate does not have the public records that are in Cyber Ninjas' custody. Under the unusual facts of this case, the custodian necessarily must be joined. Cyber Ninjas would not be a necessary party if it had turned over the public records requested by the Senate—it is a necessary party by its own actions.

¶18        To hold otherwise would circumvent the PRL's purpose, which "exists to allow citizens to be informed about what their government is up to." *Scottsdale Unified Sch. Dist. 48 of Maricopa Cnty. v. KPNX Broad. Co.*, 191 Ariz. 297, 302-03, ¶ 21 (1998) (citation and internal quotation marks omitted). We noted in *Fann* that "[t]he requested records are no less public records simply because they are in the possession of a third party, Cyber Ninjas." 1 CA-SA 21-0141, at *4, ¶ 23. In *Forum Publishing Co. v. City of Fargo*, 391 N.W.2d 169 (N.D. 1986), the city of Fargo contracted a consulting firm to assist in the search of a new city chief of police. *Id.* at 170. A publishing company obtained a writ of mandamus from the District Court ordering the city to deliver applications and records disclosing the names and qualifications of applicants. *Id.* The city appealed. *Id.* In affirming the issuance of the writ of mandamus the North Dakota Supreme Court aptly observed:

> We do not believe the open-record law can be circumvented by the delegation of a public duty to a third party, and these documents are not any less a public record simply because they were in possession of PDI. . . . [The] purpose of the open-

---

2        Section 1-215(29) defines "person" as "a corporation, company, partnership, firm, association or society, as well as a natural person."

record law would be thwarted if we were to hold that documents so closely connected with public business but in the possession of an agent or independent contractor of the public entity are not public records.

*Id.* at 172.

**¶19**        Cyber Ninjas argues that the logic of the superior court's order would open the files of all government contractors to public inspection. We need not decide the extent to which the PRL applies to businesses that contract with the government to provide ordinary goods or services that government regularly purchases for the public. Contrary to Cyber Ninjas' contention, our ruling does not mean that construction companies and office-supply vendors will have to rush to establish new "public records" departments. "Only documents with a substantial nexus to government activities qualify as public records." *Lake v. City of Phoenix*, 222 Ariz. 547, 549, ¶ 8 (2009) (citation and internal quotation marks omitted). Here, the Senate's decision to undertake the audit was premised on its oversight authority, an important legislative function, which it then entirely outsourced to Cyber Ninjas and its subvendors. Nothing in the superior court's order or in this decision imposes obligations under the PRL on contractors that provide ordinary goods or services to the government.

**¶20**        In sum, the superior court did not err in determining that PNI properly joined Cyber Ninjas, the custodian of audit records subject to the PRL, when it filed a statutory special action to compel disclosure of those records. As noted above, we understand the Senate has asked Cyber Ninjas to turn over to the Senate certain documents related to the audit. To the extent Cyber Ninjas fails to deliver to the Senate any audit documents requested by PNI, it must "promptly furnish" those records directly to PNI. *See* A.R.S. § 39-121.01(D)(1). As the superior court ordered, the Senate and Cyber Ninjas may confer about which public records in the possession, custody, or control of either party should be withheld based on a purported privilege or for any other legal reason.

**¶21**        PNI requests attorneys' fees and costs incurred in responding to the petition under A.R.S. §§ 39-121.02(B), 12-341, -342, and Ariz. R.P. Spec. Act. 4(g). Because PNI has substantially prevailed, we award it its reasonable costs and attorneys' fees upon compliance with ARCAP 21 and Ariz. R.P. Spec. Act. 4(g).

**CONCLUSION**

**¶22** For the foregoing reasons we accept jurisdiction, deny relief and lift the stay of proceedings previously issued regarding the superior court's August 24, 2021 order.



AMY M. WOOD • Clerk of the Court
FILED: AA

8