RUSO FARMERS SUPPLY COMPANY, a Corporation, Appellant,
v. P. J. JACOBSON and THE MINNEAPOLIS, ST. PAUL,
& SAULT STE. MARIE RAILWAY COMPANY, a Corpora-
tion, Garnishee.

(181 N. W. 370.)

**Appeal and error — regularity of payment by garnishee under order of court held moot where no stay taken.**

1. Plaintiff recovered judgment against defendant, and caused to be issued execution thereon. In aid of the execution, it caused garnishee summons to be served upon the Minneapolis, St. Paul, & Sault Ste. Marie Railway Company, which was indebted to the defendant in the sum of $375.96, as disclosed by its affidavit. For this amount defendant interposed a claim for exemptions, and also, interposed an answer to the same effect, in the garnishment proceedings, in the defense of the garnishee. The court made its order, allowing defendant his exemptions, and ordered the garnishee to pay the above sum of money to the defendant. No stay of the order was procured, and the garnishee paid the money to defendant, and subsequently plaintiff appealed from the order. *Held*, for reasons stated in the opinion, that the question of whether or not the garnishee was lawfully authorized to pay the money to the defendant has become moot.

**Appeal and error — failure to serve notice of appeal on garnishee held dismissal of proceedings.**

2. Upon appeal from the order, no notice thereof was served upon the garnishee. *Held*, that, in effect, this was a dismissal of the garnishment proceedings against it, and the appeal is dismissed.

Opinion filed January 22, 1921.

Appeal from an order of the County Court of Ransom County, *F. S. Thomas*, J.

Appeal dismissed.

*Charles G. Bangert,* for appellant.

Since exemption of property from creditor's process is purely statutory, there must be a strict compliance with the statute in order to obtain the benefits of the exemption provisions. Purcell v. Goldstein, 23 N. D. 257.

*Curtis & Remington,* for respondent.

The law denying exemptions is unconstitutional.   O'Leary v. Croghan (S. D.) 173 N. W. 844.

Statutes similar to chapter 155, Laws 1915, have been held unconstitutional in the following cases:  Coleman v. Balindi, 22 Minn. 147; Boffarding v. Mengelkook (Minn.) 152 N. W. 135; Burrows v. Brook (Mich.) 71 N. W. 460.

GRACE, J.  This is an appeal from an order of the county court of Ransom county, allowing exemptions claimed by defendant.  The material facts are substantially as follows:

Plaintiff is a corporation, engaged in the general merchandise business, consisting of dealing in groceries, clothing, and other family supplies.

The defendant became indebted to the Ruso Mercantile Company in the sum of $720.30, part of which was represented by a promissory note, and part by an open account for the purchase price of merchandise. That company assigned the note and account to the plaintiff herein, whose place of business is at Ruso, North Dakota.  The defendant is an employee of the Minneapolis, St. Paul, & Sault Ste. Marie Railway Company, a corporation engaged in operating a railroad.

Plaintiff obtained a judgment against the defendant for the amount above stated.  It procured an execution to be issued upon the judgment, and, in addition thereto, served a garnishment summons upon the defendant and the garnishee.  The latter filed its disclosure, admitting an indebtedness in favor of the defendant for the sum of $375.96.  No other person made any claim to the money in the control and possession of the garnishee, other than the defendant.  That money is the property of defendant, and he is entitled to receive the same, unless plaintiff is entitled to receive it by reason of the garnishment proceedings.  The defendant filed a schedule of personal property, and claimed as exempt all the property there listed, including the $375.96.  He is a married man and the head of a family.  Due notice of the time and place was given of the hearing upon the claim of exemptions.  The hearing was had, after which the court made the following order, allowing exemptions:

## Order.

The matter entitled as aforesaid having come on for hearing on the

25th day of September, 1920, upon the application of the defendant to have set aside to him as exempt, property hereinafter described, and the court having requested that the matter be submitted upon affidavits, and both sides having accordingly served and filed their respective affidavits, and the court having fully considered the same and being fully satisfied, it is accordingly ordered that the following personal property of the defendant, to wit:

| | |
|---|---|
| Household goods of the value of | $300 |
| One Ford car, 1919 model, value | 175 |
| Cash in hands of garnishee and due to the defendant | 375 |
| Total | $850 |

be and the same is hereby set aside unto the defendant as exempt from process, and it is further ordered that the garnishment proceedings herein be dismissed, and that the garnishee do pay over to the defendant all sums due to him for any reason forthwith.

Dated at Lisbon, N. Dak., this 6th day of October, 1920.

(Signed) F. S. Thomas.

Judge of the County Court of Ransom County, N. Dak.

Before the appeal was taken from the order dismissing the garnishment proceedings, the garnishee paid the defendant the amount due him, in compliance with the order. Upon the taking of the appeal, the plaintiff did not take any steps to procure a stay of the order setting aside the exemptions and directing the garnishee to pay the money to defendant, and it was paid prior to the time of taking this appeal.

Section 7577, Comp. Laws 1913, provides: "In case the answer of the garnishee shall show indebtedness to the defendant, he may pay the amount thereof, less $3 for his costs to the officer having a warrant of attachment in the action, if any, or otherwise to the clerk of the court; or, if the garnishment is in aid of an execution, to the sheriff having the execution; and the officer to whom such payment is made shall give him a receipt specifying the facts, and such receipt shall be a complete discharge of all liability to any party for the amount so paid. If the answer discloses any money, credits, or other property, real or personal, in the possession or under the control of the garnishee, the officer having

47 N. D.—15.

a writ of attachment or an execution, if any, may levy upon the interest of the defendant in the same; *otherwise the garnishee shall hold the same until the order of the court thereon."*

Section 7581, Comp. Laws provides, that the proceedings against the garnishee shall be deemed an action by the plaintiff against the garnishee and the defendant, as parties defendant, that all provisions of law relating to proceedings and civil actions at issue, and other matters specified in this section are applicable. This section was fully analyzed and construed in the case of Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555, where attention was directed to the point that the legislature expressly provided that a garnishment proceeding shall be deemed an action. The discussion in that case considers the law of garnishment in this state, and recognizes the nature of garnishment proceedings, as defined by 7581, supra.

Section 7580, Comp. Laws, provides: "The defendant may, in all cases by answer duly verified, defend the proceedings against any garnishee, upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment."

The defendant in this case did make his claim for exemptions, and also interposed an answer in the garnishment proceedings. The garnishment proceedings being in aid of an execution, the trial court could determine the same at any time the same was brought on for hearing before it; for judgment in the principal action had theretofore been entered.

The garnishment proceedings came on to be heard. Defendant in his answer, defending the proceedings against the garnishee, set forth that the indebtedness of the garnishee is exempt from execution against such defendant, for the reason that he is a married man and the head of a family.

The court, by its order, found the money and other property mentioned therein were exempt. This was, in effect, a recovery of judgment in defendant's favor, or a dismissal of plaintiff's garnishment proceedings.

The court having made its order requiring the garnishee to pay the money to the defendant, and under § 7577, supra, and in the circumstances of this case, the garnishee having a right to do so, where au-

thorized by such an order, we are convinced that it was proper for the garnishee to comply with the order, and, upon doing so, it was fully discharged from further liability.

It would appear, therefore, that any question referring to further liability on the part of the garnishee, presented here, is moot. Had the plaintiff desired to prevent the payment of the money, it should have procured a stay of the order requiring the payment. It did not do this, and it would seem unreasonable, in the circumstances of this case, to punish the garnishee for its obedience to the valid order of the court.

As it appears to us, the appeal should be dismissed. Though the plaintiff has taken appeal from the order of the court allowing exemptions, no notice of that appeal was ever served upon the garnishee, so far as the record on this appeal shows.

As we have previously stated, the garnishee paid the money over to the defendant, by order of the court. Certainly, if the plaintiff intended to enforce further liability on the part of the garnishee, it should have been a party to this appeal, by which it is intended to accomplish that result. That has not been done, and the failure to do so is, in effect, a dismissal of the garnishment proceedings against the garnishee.

As we view this case, plaintiff sought by the garnishment proceedings to procure the $375.96 only, to be applied to the discharge of defendant's debt. In this, from what has above been stated, it has failed. It did not levy execution or other process upon any of the balance of defendant's property, and it makes no claim to any other property, excepting the money above mentioned. It must follow, therefore, that it is entitled to no relief.

There are no further material points in this appeal.

The appeal is dismissed. Respondent is entitled to costs and disbursements on appeal.