In the Matter of the ESTATE of Bennie
O. JOHNSON, Deceased.

Winifred Spieirs JOHNSON, a/k/a Winni-
fred M. Johnson, Petitioner,

v.

Duane DAVIS, Respondent.

Civ. No. 8874.

Supreme Court of North Dakota.

July 16, 1973.

See also N.D., 214 N.W.2d 112.

Fleck, Mather, Strutz & Mayer, Ltd., Bismarck, for petitioner.

Vaaler, Gillig, Warcup, Woutat & Zimney (Chartered), Grand Forks, for respondent.

WILLIAM BEEDE, District Judge.

February 23, 1973, the Supreme Court declared the result of its decision herein when it issued a Minute Order, effective that date, with opinion to follow. Here is that opinion.

This is an original application to the Supreme Court by Winifred Spiers Johnson. Her application is for an order restraining the executor, Duane Davis, from selling certain real estate pending her appeal to this court. Her appeal is from a district court judgment affirming a Traill County Court order construing the will of Bennie O. Johnson, deceased.

Other matters stemming from the marriage of Bennie O. Johnson and the petitioner have been heard by this court: an action for guardianship reported in 87 N.W.2d 50, an action for annulment reported in 104 N.W.2d 8, and an action for permanent support reported in 140 N.W.2d 703.

The facts necessary for understanding the present controversy appear as follows: Bennie O. Johnson died in 1969. Some 480 acres of land twelve miles from Hillsboro comprise the primary asset of the estate. It was appraised, as of the date of death, at $115,200 or $240 per acre. To satisfy an existing mortgage on the land and to pay other expenses and fees including federal estate taxes, as well as to facilitate ultimate distribution to those entitled to the estate, the executor petitioned the county court for authority to sell the real estate. Pursuant to the petition, and hearing thereon, the county court issued its order of license to sell. Mrs. Johnson appealed to the district court from that order and served notice of appeal, although no bond has been filed as prescribed by the statute (N.D.C.C. 30–26–10). The county court prescribed, that to stay the order to sell real estate, it would be necessary to post an undertaking in the amount of $48,000 for the protection of the estate.

In addition Mrs. Johnson made application to the district court for a stay order to postpone the sale pending her appeal to the Supreme Court without the necessity of posting a supersedeas bond. The district court denied that application on the ground no reason was shown which would justify staying the sale without the necessity of posting the bond.

Mrs. Johnson's application to this court for injunctive relief addresses itself to Rule 62, and particularly Rule 62($l$), North Dakota Rules of Civil Procedure. Rule 62($l$) provides:

"The provisions in this rule (62) do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

The Supreme Court power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, is granted under Section 87 of the North Dakota Constitution.

■ The power of the Supreme Court recognized by Rule 62($l$), is not limited by the similar power of the trial court set out in Rule 62 (c) authorizing the court to suspend, modify, restore or grant an injunction during the pendency of an appeal upon such terms as to bond or otherwise as it considered proper for the security of the rights of the adverse party. Brusegaard v. Schroeder, 199 N.W.2d 921 (N.D.1972).

The thrust of the application to this court is for a stay order, without the necessity of furnishing the bond required by statute.

■ The reason for requiring the bond is to secure the non-appealing party against any loss it may sustain as a result of an ineffectual appeal.

It appears the land has been rented to others since the 1957 guardianship of Mr. Johnson. The latest three-year lease expired last fall. That lessee had a contract with a sugarbeet plant and used the leased acreage to grow beets. We are advised

land sales in Traill County are inordinately high because of an unusual demand for property due to construction of a sugarbeet processing plant currently underway at Hillsboro. An affidavit to the return on the application in this matter reports a sale completed about two months ago of real estate directly adjacent to the land in question at a price of $345 per acre.

Mrs. Johnson asks the court to take judicial notice that land values continue to rise. She urges there would be little or no loss, injury or damage to the estate by a sale delay and, thus, the court should allow her to hold up the sale without furnishing any bond.

The executor maintains that the stimulated demand for land may return to normal after the sugarbeet plant sets, allocates and contracts for its limited acreage needs. He asserts it is beneficial to the estate to sell during the seller's market rather than risk the failure of the sugarbeet plant, poor crops, price decline of the farm products, or federal regulations detrimental to farmers.

We certainly hope that these events will not come to pass but in view of their possibility, no matter how remote, we agree the estate must be protected. Urging the court to disregard any possibility that the estate might suffer damages by sale delay is, in essence, asking the court to gamble with the estate's money.

Without abdicating our unquestioned power to grant such application as this, and conceding that exceptional cases may arise, we are generally inclined against an unsecured stay of an order of sale of property where other parties to the litigation may be exposed to loss or injury by the stay.

■ It is true, as Mrs. Johnson points out, this court recognizes certain situations where, when an appeal was not from a money judgment, no supersedeas bond be required. Guldeman v. Heller, 151 N.W.2d 436 (N.D.1967). In instant situation, however, where loss might result to the estate, bond is appropriate and should be required.

■ This leads us to the question: Is the amount of bond justified in this case or should it be reduced to some lesser amount?

Mrs. Johnson contends the amount fixed by the county court is arbitrary and unreasonable. The executor alleges prices as much as $100 an acre over and above customary land values could be obtained if the land were sold now and that the county judge was acting to protect the interests of the estate and all interested parties.

The stay or suspension of an order to sell often involves a delicate balancing of the equities. That determination is frequently better achieved by the lower court as the court most thoroughly familiar with the case and its record. Likewise, that court is usually more aware of local land values and can so apply its knowledge in setting a stay bond.

We are of the opinion the county court did not abuse its discretion in setting the stay bond. We find the amount reasonable under the circumstances and fairly related to potential damages that might be suffered by the estate.

For the reasons herein stated the original application made to this court is denied.

In reaching this decision, we imply no view whatever upon any phase of the ultimate merits of the underlying controversy, the construction of the will of Bennie O. Johnson.

ERICKSTAD, C. J., and KNUDSON, PAULSON and TEIGEN, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate.

WILLIAM M. BEEDE, Judge of the Fifth Judicial District, sitting in his place.