2013 ND 215

In the Matter of the ESTATE OF
Lowell R. SHUBERT,
Deceased

In the Matter of the Estate of
Anne Shubert, Deceased

In the Matter of the Estate of
Gust Shubert, Deceased

Gary Puhr, Kristen Pfahl,
Brad Schubert and Brian
Schubert, Appellants

v.

Ronald Novak, Laverne Mikkelson, John
M. Pietsch, Lynn Puhr, Joyce Gilbert-
son, Bonnie Schlegel, Charlene Wik-
holm, Louise M. Wadeson, Doris
Betcher, David Wikholm, Karen Puhr
Lambert, Nathan Smith,

and

Orvill Shubert, Respondents

Charlene Wikholm, Appellee.

No. 20120276.

Supreme Court of North Dakota.

Nov. 21, 2013.

812

Donavin L. Grenz, Linton, N.D., for appellants.

Samuel G. Larson (argued) and Damian J. Huettl (appeared), Bismarck, N.D., for appellee.

MARING, Justice.

[¶ 1] Gary Puhr, Kristen Pfahl, Brad Schubert, and Brian Schubert (collectively "appellants") appeal from orders in consolidated probates of the estates of Lowell, Gust, and Anne Shubert approving a land sale by the estates' personal representative, Charlene Wikholm, and denying the appellants' petition to remove Wikholm as the estates' personal representative. We conclude that the appeal from the order approving the land sale is moot and that the order denying the petition to remove Wikholm is appealable and the district court did not abuse its discretion in denying the petition to remove Wikholm as the estates' personal representative. We therefore dismiss the appeal from the order approving the land sale and affirm the order denying the removal of Wikholm as personal representative.

I

[¶ 2] Lowell Shubert died on May 8, 2010. On May 11, 2010, Wikholm, with the assistance of counsel, applied for informal appointment as personal representative of Lowell Shubert's estate, alleging she was entitled to act as personal representative because:

she is the [first] cousin of said decedent and was the daughter of Lowell R. Shubert's sister, Louise M Wadeson who is 84. It is believed that Lowell R. Shubert does not have a Last Will and Testament. He does have sixty head of cattle which must be fed and it appears there [are] a number of assets that must be immediat[e]ly safeg[u]arded. It is believed that there is no relative having a better claim to being the personal representative and there are none closer. [Wikholm's] mother is the one having the first claim to being the personal representative to the deceased there being no[ ] children or wife and no other sister or brother has survived him.

Wikholm's application for appointment as personal representative said Lowell Shubert was 75 years old when he died and listed five surviving heirs: Louise M. Wadeson; Joyce Gilbertson; Orvill Shubert; and Wikholm and her husband. The district court appointed Wikholm as personal representative of Lowell Shubert's estate on May 11, 2010. In October and November 2010, notice to creditors of Lowell Shubert's estate was published in the Minot Daily News. When Lowell Shubert died, he was the personal representative for the unprobated estates of his parents, Gust and Anne Shubert, and ultimately those probate proceedings were consolidated with the probate of his estate.

[¶ 3] The record does not reflect any further proceedings in the informal probate of Lowell Shubert's estate until 2012. On February 19, 2012, Wikholm, as personal representative, executed a written purchase agreement to sell approximately 758 acres of the estates' farmland to Ronald Novak, Laverne Mikkelson, and John Pietsch for $1,411,000. The purchase agreement said the seller "reserves 100 percent of all remaining oil, gas and any other minerals."

[¶ 4] Gary Puhr claimed he was an heir of Lowell Shubert, and on March 22, 2012, he filed a demand for notice of any order or filing in the probate of Lowell Shubert's estate, a demand for an inventory and appraisal, and an objection to the land sale for less than fair market value. On April 2, 2012, Wikholm, through her current counsel, petitioned the district court for approval of the land sale. In support of her request to approve the land sale, Wikholm provided the court with copies of four written offers from Nathan Smith to counsel for Lowell Shubert's estate to purchase the land: a September 30, 2011, offer for $1,380,000 effective until October 15, 2011; an October 13, 2011, offer for $1,410,000 effective until November 1, 2011; a March 2, 2012, offer for $1,700,000 explicitly authorizing the seller to reserve all minerals, effective until April 1, 2012; and a March 19, 2012, offer for $2,000,000, effective until April 1, 2012.

[¶ 5] Puhr again objected to the land sale, claiming the personal representative's sale without advertising or appraising the land breached her legal and fiduciary duties to Lowell Shubert's heirs. After a hearing, the district court issued a May 21, 2012, order approving the land sale. The court determined Wikholm acted reasonably in entering the purchase agreement, there was no collusion or undue influence, and the purchase price was reasonable. The appellants appealed the May 2012, order approving the land sale.

[¶ 6] Meanwhile, on June 6, 2012, the appellants petitioned the district court to

remove Wikholm as personal representative of the estates, claiming she had mismanaged the estates and failed to perform legal and fiduciary duties, she had failed to give information to the decedents' heirs as required by N.D.C.C. § 30.1–18–05, and she had failed to file and serve an inventory and appraisal as required by N.D.C.C. § 30.1–18–06. After a July 17, 2012, hearing, the district court denied the appellants' petition to remove Wikholm as personal representative. The court determined it was not in the best interest of the estates to remove Wikholm, she had not intentionally misrepresented material facts leading to her appointment, she had not disregarded court orders, she had not become incapable of discharging her duties, she had not mismanaged the estate or failed to perform any duty of the job, and there was no cause to remove her. The court explained any irregularities in Wikholm's appointment were due to actions by the court and the urgent circumstances when she was appointed, which did not warrant removal or render her appointment void.

[¶ 7] This Court temporarily remanded the appeal from the order approving the land sale for limited consideration of the appellants' motions under N.D.R.Civ.P. 54(b), 59, and 60. The appellants thereafter moved for relief under N.D.R.Civ.P. 59 and 60 from the orders approving the land sale and denying the petition to remove Wikholm as personal representative. The appellants filed a notice of lis pendens, dated December 28, 2012, against the land. After a February 2013 hearing, the district court denied the appellants' motions for relief from the prior orders under N.D.R.Civ.P. 59 and 60. The court also granted the appellants' request for a N.D.R.Civ.P. 54(b) certification of the order approving the land sale and denied their request for a similar certification of the order denying their petition to remove Wikholm as personal representative.

[¶ 8] The appellants thereafter appealed from the order denying their petition to remove Wikholm as personal representative and from the order denying their motion for relief under N.D.R.Civ.P. 59 and 60.

## II

[¶ 9] Wikholm has moved to dismiss the appeals, claiming any issues about the completed land sale are moot because she executed a personal representative's warranty deed conveying the land to Novak, Mikkelson, and Pietsch on August 2, 2012. Wikholm also argues any issues about her removal as personal representative are interlocutory because the court denied the appellants' request for certification of that order under N.D.R.Civ.P. 54(b).

### A

[¶ 10] Wikholm argues the appellants did not request a stay of the land sale pending appeal and the land was conveyed to Novak, Mikkelson, and Pietsch by a personal representative's warranty deed on August 2, 2012. She claims the land cannot be returned to the estates and the appeal from the order approving the land sale is moot because this Court cannot grant relief from the completed land sale. She also argues issues about the land sale are not of great public interest involving the authority and power of public officials, or capable of repetition yet evading review under this Court's mootness jurisprudence.

[¶ 11] The appellants claim they have not voluntarily and unequivocally acquiesced in the order approving the land sale because they requested a new trial and filed a lis pendens against the property. They claim there is a great public interest that statutes pertaining to a personal representative's duties be enforced.

[¶ 12] Courts will not issue advisory opinions and will dismiss an appeal as moot if the issues become academic and there is no actual controversy left to be determined. *In re E.T.*, 2000 ND 174, ¶ 5, 617 N.W.2d 470. No actual controversy exists if subsequent events make it impossible for a court to provide effective relief, or if the lapse of time has made the issue moot. *In re W.O.*, 2004 ND 8, ¶ 10, 673 N.W.2d 264. Courts will determine a moot issue rather than dismiss an appeal, however, if the controversy is one of great public interest and involves the authority and power of public officials, or if the matter is capable of repetition, yet evading review. *Id.* at ¶ 11. In *State v. Liberty Nat'l Bank & Trust Co.*, 427 N.W.2d 307, 309 n. 1 (N.D.1988), this Court said the requirements of "great public interest" and "authority and power of public officials," or "capable or repetition, yet evading review" are elements of two separate tests for determining mootness:

> Whether the matter in controversy is one of great public interest *and* involves the authority and power of public officials is the test this court has historically employed in resolving mootness issues. *See North Dakota Wheat Growers' Ass'n v. Moore*, 52 N.D. 904, 204 N.W. 834 Syllabus 2 (1925); *State v. Stutsman*, 24 N.D. 68, 139 N.W. 83 Syllabus 1 (1912). We adapted as an alternate test the United States Supreme Court's doctrine of "capable of repetition, yet evading review" in *Forum Publishing Co. v. City of Fargo*, 391 N.W.2d 169, 170 (N.D. 1986).

[¶ 13] In *Forum Pub. Co. v. City of Fargo*, 391 N.W.2d 169, 170 (N.D.1986) (quoting *Hart v. Bye*, 86 N.W.2d 635, 637 (N.D.1957)), we explained the meaning of "great public interest":

> " 'We understand "public interest" to mean more than mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interest of the particular localities which may be affected by the matter in question.' "

[¶ 14] In June 2012, the appellants appealed from the order approving the land sale. In August 2012, Wikholm executed a personal representative's warranty deed conveying the land to the purchasers, who are not heirs of the estates or otherwise involved in the probate proceedings. The appellants did not attempt to obtain a stay of the land sale under N.D.R.Civ.P. 62 or N.D.R.App.P. 8. They claim that "in all probability [they] could not afford to post" the bond for a stay and "a motion for stay in all probability would have been an exercise in futility." They also claim the provisions for a stay in N.D.R.Civ.P. 62(h) are not applicable because they are not in possession of the property and not in a position to commit waste on the property under the language of that provision.

[¶ 15] For judgments or orders involving land sales, N.D.R.Civ.P. 62(h) contemplates maintaining the status quo by obtaining a stay to stop a land sale pending appeal and provides:

> (h) Undertaking to Stay Execution for the Sale or Delivery of Real Property on Appeal. If the judgment directs the sale or delivery of possession of real property, its execution is not stayed on appeal unless an undertaking is executed on behalf of the appellant by at least two sureties, for a sum as directed by the court. The undertaking must provide that during the possession of the property, the appellant:
>
> (1) will not commit or allow to be committed any waste on the property; and

(2) if the judgment is affirmed, will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession under the judgment.

[¶ 16] The appellants may not be in a position to commit waste on the land during their appeal because they were not parties to the conveyance and the conveyance was structured from the personal representative to third persons not otherwise interested in the probate proceeding. Nevertheless, the plain language of N.D.R.Civ.P. 62(h) contemplates the execution of a property sale will not be stayed on appeal unless the appellant provides an undertaking executed by at least two sureties in a sum directed by the district court. *See also* N.D.R.Civ.P. 62(k) (stating appeal from intermediate order does not stay proceedings unless court orders otherwise and undertakings must be made to properly protect respondent). The obvious purpose of the stay is to maintain the status quo and to provide the parties' to the land sale with a measure of protection. Moreover, the language of N.D.R.Civ.P. 62(*l* ) does not limit this Court's power to stay proceedings or preserve the status quo. *See* N.D.R.App.P. 8. *See also In re Estate of Johnson,* 214 N.W.2d 109, 110–11 (N.D. 1973) (recognizing Supreme Court's authority to issue stay after denial by district court). The record reflects the appellants did not seek or obtain a stay from the district court or this Court under either N.D.R.Civ.P. 62(h) or N.D.R.App.P. 8.

[¶ 17] In other contexts, this Court has long recognized the failure to obtain a stay may moot issues raised on appeal. *See State v. One Buick Automobile,* 48 N.D. 348, 352, 185 N.W. 305, 307 (1921) (record on appeal established execution sale had not been stayed and had been performed, which rendered issues on appeal moot); *Ruso Farmers' Supply Co. v. Jacobson,* 47 N.D. 223, 226–27, 181 N.W. 370, 371 (1921) (failure to obtain stay of garnishment proceeding rendered issues on appeal moot); *Thompson v. Vold,* 38 N.D. 569, 572–73, 165 N.W. 1076, 1077 (1917) (failure to obtain stay of proceedings to remodel school pending appeal rendered issues on appeal moot).

[¶ 18] Other courts have recognized the failure to obtain a stay pending appeal of a court authorized or ordered conveyance of property to third persons not interested in the action moots issues raised on appeal about the conveyance. *Matter of Combined Metals Reduction Co.,* 557 F.2d 179, 186–91 (9th Cir.1977) (holding moot court orders approving conveyances by bankruptcy trustee where no stay sought); *Steinbrecher v. Steinbrecher,* 197 Ill.2d 514, 259 Ill.Dec. 729, 759 N.E.2d 509, 514–20 (2001) (holding moot court order approving public sale of land to third persons in partition action where self-represented party failed to timely perfect stay); *In re Estate of Bork,* 145 Ill.App.3d 920, 99 Ill. Dec. 754, 496 N.E.2d 329, 335–36 (1986) (holding moot court order authorizing sale of land from estate to third persons not interested in action where appellant unsuccessful in obtaining stay).

[¶ 19] We reject the appellants' claims about the "futility" of obtaining a stay of the order approving the personal representative's sale of the land to third persons not otherwise involved in the probate proceeding. The appellants' speculation about the futility of a stay is not a substitute for a stay to maintain the status quo pending appeal. We conclude the appellants have proffered no valid reason why they did not seek a stay, and in view of the completed conveyance and the absence of a stay from the district court or this Court, we conclude this Court is unable to provide relief from the order approving the land sale.

■ [¶ 20] Moreover, the issues about the personal representative's land sale to these purchasers are not issues giving the public or community at large a pecuniary interest by which the public's rights or liabilities are affected. *See Forum Pub. Co.*, 391 N.W.2d at 170–71 (discussing public's interest in hiring police chief and receiving information about hiring process). The appellants' failure to obtain a stay does not involve the type of time constraints that elevate the issues in this case to the status of capable of repetition yet evading review. We conclude the issues raised by the appellants about the land sale are not of great public interest involving the authority and power of public officials, or capable of repetition yet evading review within the meaning of those terms under this Court's mootness jurisprudence. *See id.*

[¶ 21] In the absence of a stay of the completed land sale, we conclude the underlying issues in the appeal from the order approving the land sale are moot, and we dismiss the appeal from the order approving the land sale.

B

■ [¶ 22] Wikholm argues the district court's denial of the appellants' petition to remove her as personal representative of the estates is not appealable because the court denied the request for certification of that order under N.D.R.Civ.P. 54(b), which authorizes entry of a final judgment as to one claim or party for purposes of appeal in actions involving more than one claim for relief or multiple parties and provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the

court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[¶ 23] In *Matter of Estate of Starcher*, 447 N.W.2d 293, 295–96 (N.D.1989), this Court discussed the applicability of N.D.R.Civ.P. 54(b) to supervised and unsupervised probates. We recognized each proceeding in an informal unsupervised probate was "independent of any other proceeding involving the same estate." *Starcher*, at 295 (quoting N.D.C.C. § 30.1–12–07). We said "[f]inality in an unsupervised administration requires a concluding order on each petition," and orders in an unsupervised probate are appealable without certification under N.D.R.Civ.P. 54(b), unless they determine some, but not all, of one creditor's claims against an estate. *See Starcher*, 447 N.W.2d at 295–96.

[¶ 24] In *In re Estate of Eggl*, 2010 ND 104, ¶¶ 6–9, 783 N.W.2d 36, we considered the appealability of an order interpreting a will in an unsupervised probate. We held the order was appealable without a certification under N.D.R.Civ.P. 54(b) because the order settled all the petitioner's existing claims and their speculation about future claims did not diminish the effect or appealability of the order. *Eggl*, at ¶ 9.

■ [¶ 25] This is an informal unsupervised probate. The appellants' petition to remove Wikholm as personal representative is a proceeding separate from individual claims by creditors or heirs, and the court issued a concluding order on that petition. Finality in separate proceedings in an unsupervised administration requires

a concluding order on each petition. *Starcher,* 447 N.W.2d at 295. Moreover, the resolution of a petition to remove a personal representative in an unsupervised administration has an impact similar to the interpretation of the will in *Eggl,* which may be impossible to remedy in future proceedings. *See Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.,* 531 N.W.2d 289, 298 (N.D.1995) (noting difficulty in seeking remedy that would unring a bell). As in *Eggl,* 2010 ND 104, ¶¶ 6–9, 783 N.W.2d 36, we conclude the order denying the petition to remove Wikholm as personal representative of the estates is appealable under N.D.C.C. § 28–27–02 without a certification under N.D.R.Civ.P. 54(b).

### III

[¶ 26] The appellants argue the district court failed to follow the law in appointing Wikholm as personal representative of Lowell Shubert's estate, the court erred in finding she did not breach her fiduciary and statutory duties to the heirs, the court abused its discretion in refusing to remove her as personal representative of the estates, and the court denied the heirs due process in prohibiting the examination of her and the estates' initial attorney regarding the administration of the estates.

[¶ 27] Under N.D.C.C. § 30.1–17–11, a person interested in an estate may petition for removal of a personal representative for cause, which exists when removal is in the best interest of the estate, the personal representative has intentionally misrepresented facts leading to appointment, the personal representative has disregarded court orders, the personal representative has become incapable of discharging the duties of the office, or the personal representative has mismanaged the estate or failed to perform any duty pertaining to the office. A decision on a petition to remove a personal representative lies within the discretion of the district court. *Estate of Hass,* 2002 ND 82, ¶¶ 10, 12, 643 N.W.2d 713 (holding district court did not abuse discretion in refusing to remove personal representative). A district court abuses its discretion when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *In re Conservatorship of T.K.,* 2009 ND 195, ¶ 10, 775 N.W.2d 496.

[¶ 28] Here, after the hearing on the petition to remove Wikholm as personal representative, the district court explained its rationale for not removing her:

Under Section 30.1–17–11 of the Uniform Probate Code, it basically states, "cause for removal exists when removal would be in the best interest of the estate or if it is shown that a personal representative or the person seeking the personal representative's appointment intentionally misrepresented material facts in the proceedings leading to the personal representative's appointment." There's been no evidence of that, nor was there an allegation of that.

"Or that the personal representative has discharged an order—disregarded an order of the court." That also, there was no allegation of that, and the Court found no evidence to support any charge like that.

"Has become incapable of discharging the duties of the office." There's been no evidence to that effect either, so nothing for that would apply.

"Or has mismanaged the estate or failed the estate or failed to perform any duty pertaining to the office." It was clear in the last hearing that Ms. Wikholm had not done the inventory and

appraisement, as is set forth by the statute. The Court did not make a ruling as to whether or not she had not done her duty, or that she had failed to perform a duty pertaining to the office. It appeared at the time, however, that that might be something that she would have to address.

It was my understanding there was a change of attorneys for the estate. That the new attorneys to the estate were addressing that issue, and that has been accomplished by the filing of the inventory and appraisement with the Court.

And as far as the mismanagement of the estate. The Court did receive Exhibits 2 and 3, as part of what was submitted, I guess, as part of a deposition. It was done by the accountant on behalf of Ms. Wikholm, showing basically what monies have come in, and where the monies have gone out, assets and so forth of the estate. It's for the most part, a ledger. I think it's approximately about three pages of ledger documentation, and then there is also an itemization of the checking account, pretty much saying where the checks were written, what the numbers were, who they were written to, and the amounts, and a running balance of what was in the checking account.

The Court did not, however, find, or have presented, sufficient evidence to show that this accounting or these numbers, in any way, show some form of a mismanagement of the estate. There's clearly, based on the petitioner's position, that they don't necessarily agree with some of the outlays of monies, or that they don't know why some of them were made, and I suppose that would be a legitimate question. But as to evidence presented to the Court that they have been mismanaged by Ms. Wikholm, the Court finds no evidence of that.

The Court also finds clearly, that it would not be in the best interest to remove Ms. Wikholm from her position as PR at this point. Again, I believe that based on the inventory and appraisal that has been submitted, along with the time line of where things are at with the sale of the property, and what's been alleged to the Court as only a few items left, that this estate is in the process of being close to being completed.

And again, I don't want to throw any stones here on where the attorneys sit with regard to their help or non help, but I believe that Ms. Wikholm is, again, doing the job that's asked of her as a private citizen representing an estate. She does that with the help of experts, and I think she has done fine up to this point in attempting to do that. The Court could be corrected on that position at some point when it comes down to the final accounting if someone wishes to make that argument.

But as it stands now, I don't believe that these exhibits or the testimony given to the Court, show any mismanagement of the estate, or that she's failed to perform her duties, other than the caveat that the inventory and appraisement and the notice to the, some of the parties or the heirs, was not done in necessarily a timely fashion, I guess, under the statute of the 30 days or 90 days, but it has been accomplished, and there's been no showing to the Court that that was a detriment to the heirs or to the estate as a whole.

[¶ 29] We agree with the district court that appropriate and timely notices were not given in this case and that a timely inventory and appraisal were not provided. The notices in this case are not a model for the appropriate administration of an estate. We nevertheless conclude the court's decision reflects a reasoned appli-

cation of the law for removal of a personal representative under the circumstances and evidence presented in this case. To the extent the appellants claim the court erred in not allowing them to fully examine the attorney who initially represented the estate and personal representative under N.D.R.Ev. 502, we further conclude the appellants were not precluded from establishing their case through appropriate witnesses. We conclude the district court's decision to not remove the personal representative was not arbitrary, unconscionable, or unreasonable and was not an abuse of discretion.

## IV

[¶ 30] Each side claims the other side has acted in a frivolous manner in this appeal and requests attorney fees on appeal. We deny their requests.

## V

[¶ 31] We have considered the remaining issues and arguments raised by the parties and find they are either unnecessary to our decision or without merit. We dismiss the appeal from the order approving the land sale and affirm the order denying the petition to remove Wikholm as personal representative.

[¶ 32] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, S.J., DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

[¶ 33] The Honorable WILLIAM A. NEUMANN, S.J., sitting in place of KAPSNER, J., disqualified.