# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2020 ND 196

Cass County Joint Water Resource
District,                                                            Plaintiff and Appellee

v.

Cash H. Aaland, Larry W. Bakko
and Penny Cirks,                                               Defendants and Appellants

and

Richard and Sandra Ihland, Stuart D. Boyer
and Patricia J. Boyer, Vance G. Gylland,
Thomas Jorgensen, Brent Larson and
Timothy Larson, Mary Jo Schmid, Thomas R.
Nelson and Michelle Nelson, Jeffrey C.
Shipley and Maria Shipley, Patricia A.
Rudnick, Dona L. Duffy, Myron Ihland,
Carol Sheridan, Marjorie Rieger, Betty Jean
Hulne (deceased), Gregory S. Hulne, Jack T.
Hulne, Michael J. Hulne, David A. Hulne,
Jean M. Johnson, Dorothy A. Stapleton and
Laura Aaland,                                                   Defendants and Appellees

No. 20200171

Motion for stay pending appeal from orders of the District Court of Richland
County, Southeast Judicial District, the Honorable John A. Thelen, Judge.

MOTION DENIED.

Opinion of the Court by Tufte, Justice.

Rob A. Stefonowicz, Minneapolis, Minnesota, for plaintiff and appellee.

Jennifer A. Braun, Fargo, North Dakota, for defendants and appellants.

# Cass County Joint Water Resource District v. Aaland
## No. 20200171

**Tufte, Justice.**

[¶1] Cash Aaland, Larry Bakko, and Penny Cirks (the "Landowners") move to stay, pending appeal, the district court's orders granting the Cass County Joint Water Resource District (the "District") a right of entry onto their properties. The motion to stay is denied.

I

[¶2] In September and December 2019, the District contacted the Landowners seeking easements on their properties to conduct long-term monitoring for the Fargo-Moorhead Flood Diversion Project (the "Project"). After the District failed to obtain these easements, it applied for a permit to enter the Landowners' properties to monitor environmental impacts in connection with the Project through December 2021. The application provides that access to the Landowners' properties is necessary to conduct examinations, surveys, and mapping, including geomorphic examinations requiring installation of survey monuments on certain properties. The Landowners opposed the District's application.

[¶3] After two hearings, the district court granted the application allowing the District entry onto the Landowners' properties through December 2021. Aaland and Bakko moved the district court for a stay pending appeal before this Court. The district court denied their motion.

II

[¶4] Under Rule 8, N.D.R.App.P., we have the authority to grant a stay pending appeal. We consider four criteria when deciding whether to grant an application for a stay: 1) a strong showing that the appellant is likely to succeed on appeal; 2) that unless the stay is granted, the appellant will suffer irreparable injury; 3) that no substantial harm will come to any party by reason of the issuance of the stay; and 4) that granting the stay will do no harm to the public interest. *Bergstrom v. Bergstrom*, 271 N.W.2d 546, 549 (N.D. 1978).

[¶5]  The Landowners argue that without a stay they will suffer irreparable injury. They contend a stay is necessary "to preserve the rights of the parties and to prevent the [District] from taking [their] property rights in the interim in an attempt to render the controversy moot." Specifically, the Landowners claim the District will deprive them of their rights to possess, use, and dispose of their properties, and to exclude others from entering their properties. The Landowners rely on *Estate of Shubert* for the proposition that we have "long recognized the failure to obtain a stay may moot issues raised on appeal." *See In re Estate of Shubert*, 2013 ND 215, ¶ 17, 839 N.W.2d 811. But the Landowners are not without an adequate remedy. They could bring an inverse condemnation action against the District to obtain money damages for any temporary or permanent taking. *See Aasmundstad v. State*, 2008 ND 206, ¶ 15, 763 N.W.2d 748 (stating that "[i]nverse condemnation actions are a property owner's remedy, exercised when a public entity has taken or damaged the owner's property for a public use without the public entity's having brought an eminent domain proceeding"). Thus, the Landowners will not suffer irreparable injury if a stay is denied.

[¶6]  The third criteria is whether substantial harm will come to any party by reason of the issuance of the stay. The Landowners argue that because the District is enjoined from beginning construction on the Project by the United States District Court for the District of Minnesota and it lacks certain permits to proceed with construction, no substantial harm will come to any party by granting a stay. The District argues it would suffer substantial harm if a stay is granted because surveys must be completed to advance the Project, and the inability to enter the properties would delay this process. We agree with the District that a stay could delay the Project. Additionally, the United States District Court for the District of Minnesota modified the preliminary injunction, as the Landowners noted, to allow construction to continue in non-waterways in North Dakota, and non-construction design and mitigation work in North Dakota and Minnesota. *See Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, No. 13-cv-2262, 2019 WL 1516934, at 6 (D. Minn. Apr. 8, 2019). Although the Landowners advised the Court that the issuance of the permits is being litigated, we conclude that even if immediate construction is impractical, the District's other project tasks of

surveys and examinations required for the project's environmental impact statement may continue. Thus, the likelihood that the District would suffer substantial harm in the form of project delays weighs against the issuance of a stay.

[¶7]   Because we have determined the Landowners have failed to satisfy the second and third criteria, we deem consideration of the remaining two criteria unnecessary. *See Bergstrom*, 271 N.W.2d at 554.

### III

[¶8]   The motion to stay the district court's orders granting the District a right of entry onto the Landowners' properties is denied.

[¶9]   Jerod E. Tufte
Lisa Fair McEvers
Daniel J. Crothers
Gerald W. VandeWalle
Jon J. Jensen, C.J.