Crothers, Justice.
 

 [¶ 1] William Nelson appeals from a judgment ordering the sale of real property, removing him from the property, ordering him to pay past rent, and awarding Steven Nelson and Gail Nelson-Hom attorney fees for defending against his frivolous pleadings. The district court erred in granting partial summary judgment on William Nelson's claims of undue influence and lack of mental capacity involving the execution of the quitclaim deed to the property and we reverse and remand for trial on those issues. We reverse the award
 
 *482
 
 of costs and attorney fees and remand for reconsideration. We reverse the judgment and remand for further proceedings.
 

 I
 

 [¶ 2] The parties are the surviving children of Elsie Haykel, who in a 2011 quitclaim deed conveyed a remainder interest in a Bismarck condominium to her three children as tenants in common while reserving a life estate in the property. Shortly after Haykel's death in 2014 at age 92, William Nelson began living in the condominium. Haykel's will devised the residue of her estate to the children in equal shares, and Steven Nelson was appointed personal representative.
 

 [¶ 3] The parties were unable to agree about the timing and terms for sale of the condominium. As discussions continued, Steven Nelson and Nelson-Hom requested that William Nelson begin paying rent for living in the condominium, but he refused. In January 2016 Steven Nelson and Nelson-Hom brought this partition action against William Nelson seeking a sale of the condominium under N.D.C.C. § 32-16-12. William Nelson counterclaimed, alleging in part that the 2011 quitclaim deed was invalid because of Haykel's lack of capacity and because of undue influence.
 

 [¶ 4] The district court granted partial summary judgment concluding the 2011 quitclaim deed was valid, ordered William Nelson to vacate the premises by July 31, 2017, ordered the property be sold by a licensed real estate agent, and ruled Steven Nelson and Nelson-Hom could pursue their claim for rents based on their allegation that they were ousted from the property. Following a trial, the court found William Nelson ousted his siblings from the property and ordered him to pay "$13,000 to each Gail and Steven from the proceeds from the sale" of the property as "reasonable rents from the date of the ouster." The court further ruled Steven Nelson and Nelson-Hom were "entitled to costs in the amount of $2,415.94 and attorney's fees in the amount of $15,020.33 for frivolous filings."
 

 II
 

 A
 

 [¶ 5] William Nelson argues the district court erred in dismissing his claim that the 2011 quitclaim deed was invalid based on Haykel's lack of capacity and undue influence. We question whether the validity of the deed and the grantor's capacity can be effectively challenged outside of a probate proceeding and when neither the grantor nor the personal representative are a party. The "law of the case" doctrine and the scope of the parties' appeal define the parameters of our review.
 
 Tom Beuchler Constr. v. Williston
 
 ,
 
 413 N.W.2d 336
 
 , 339 (N.D. 1987). Here, no question was raised whether through this proceeding William Nelson could fully effectuate an attack on the deed or whether the grantor or personal representative is a necessary party. We therefore consider the case as presented.
 
 See
 

 Hopfauf v. Hieb
 
 ,
 
 2006 ND 72
 
 , ¶ 11,
 
 712 N.W.2d 333
 
 (arguments addressed as presented even though legal basis for claim of lack of informed consent claim was in doubt).
 

 [¶ 6] The district court dismissed this claim through a partial summary judgment. Our standard for reviewing summary judgments is well established:
 

 "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing
 
 *483
 
 there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."
 

 Arnegard v. Arnegard Twp.
 
 ,
 
 2018 ND 80
 
 , ¶ 18,
 
 908 N.W.2d 737
 
 (quoting
 
 Poppe v. Stockert
 
 ,
 
 2015 ND 252
 
 , ¶ 4,
 
 870 N.W.2d 187
 
 ).
 

 [¶ 7] "Before a court may set aside a transaction on the ground of mental incapacity, the party attacking the validity of the transaction has the burden to prove the grantor, at the time of the transaction, was so weak mentally as not to be able to comprehend and understand the nature and effect of the transaction."
 
 Vig v. Swenson
 
 ,
 
 2017 ND 285
 
 , ¶ 12,
 
 904 N.W.2d 489
 
 ;
 
 see also
 

 Estate of Wenzel-Mosset v. Nickels
 
 ,
 
 1998 ND 16
 
 , ¶ 13,
 
 575 N.W.2d 425
 
 . We discussed undue influence in
 
 Erickson v. Olsen
 
 ,
 
 2014 ND 66
 
 , ¶ 26,
 
 844 N.W.2d 585
 
 :
 

 "In cases involving nontestamentary transactions, this Court has defined undue influence as 'improper influence [ ] exercised over the grantor ... in such a way and to such an extent as to destroy his free agency or his voluntary action by substituting for his will the will of another.'
 
 Johnson v. Johnson
 
 ,
 
 85 N.W.2d 211
 
 , 221 (N.D. 1957). In nontestamentary cases, this Court has held '[a] finding of undue influence ... requires that three factors be established: (1) A person who can be influenced; (2) The fact of improper influence exerted; and (3) Submission to the overmastering effect of such unlawful conduct.'
 
 Sulsky v. Horob
 
 ,
 
 357 N.W.2d 243
 
 , 248 (N.D. 1984) (citing
 
 Kronebusch v. Lettenmaier
 
 ,
 
 311 N.W.2d 32
 
 , 35 (N.D. 1981) )."
 

 The determination of mental capacity and whether undue influence exists are ordinarily questions of fact which will not be overturned on appeal unless they are clearly erroneous.
 
 See
 

 Vig
 
 , at ¶ 14 ;
 
 Estate of Robinson
 
 ,
 
 2000 ND 90
 
 , ¶ 11,
 
 609 N.W.2d 745
 
 .
 

 [¶ 8] William Nelson relied on his answers to interrogatories, his affidavits and his deposition testimony to support his claim that Haykel was subject to undue influence and lacked mental capacity when she executed the 2011 quitclaim deed. He claimed Haykel, then 89 years old, suffered from "mild alcoholism," consuming up to three drinks of gin per day. He testified Steven Nelson "encouraged" her alcoholism by providing her with the gin. He stated Haykel's health "had substantially deteriorated at the time the deed was signed." He claimed Haykel had impaired eyesight and used prescription drugs that caused her to be confused. William Nelson also claimed Steven Nelson was heavily involved in establishing and paying for legal services for Haykel's estate plan and used his own attorney throughout the process. He claimed Steven Nelson attended meetings with Haykel and the attorney and was present when the deed was signed.
 

 [¶ 9] Undue influence may be proven by circumstantial evidence because direct evidence is rarely available.
 
 See
 

 Erickson
 
 ,
 
 2014 ND 66
 
 , ¶ 24,
 
 844 N.W.2d 585
 
 ;
 

 *484
 

 Robinson
 
 ,
 
 2000 ND 90
 
 , ¶ 10,
 
 609 N.W.2d 745
 
 . Viewing the evidence in the light most favorable to William Nelson and giving him the benefit of all favorable inferences which can reasonably be drawn from the record, William Nelson raised genuine issues of material fact on his claims of lack of capacity and undue influence.
 

 B
 

 [¶ 10] William Nelson argues the district court erred in denying his motion to compel discovery of Haykel's medical records. A district court's decision regarding discovery matters will not be reversed on appeal absent an abuse of discretion.
 
 Riemers v. Hill
 
 ,
 
 2016 ND 137
 
 , ¶ 17,
 
 881 N.W.2d 624
 
 . A court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, if it misinterprets or misapplies the law, or if its decision is not the product of a rational mental process by which the facts and law relied upon are stated together for the purpose of reaching a reasoned and reasonable decision.
 
 Id.
 
 at ¶ 10.
 

 [¶ 11] Steven Nelson did not comply with William Nelson's request for production of Haykel's medical records because he claimed they were not in his possession. William Nelson then moved to compel Haykel's medical providers to produce those records under N.D.R.Civ.P. 45 and 45 C.F.R. 164.512(e)(2017). Steven Nelson and Nelson-Hom, whose motion for partial summary judgment on the lack of capacity and undue influence claims was pending, objected and argued that the documents were irrelevant to the partition action. More specifically, they argued William Nelson "simply does not have the facts or law on his side to support the arguments of undue influence or lack of capacity," and claimed the medical records were irrelevant because "invalidation of the deed would cause the Subject Property to lapse into the residue of [Haykel's] estate ... to be distributed equally among her three (3) children." However, in their brief supporting their motion for partial summary judgment, Steven Nelson and Nelson-Hom argued William Nelson failed to produce any "medical records or expert testimony" about Haykel's mental condition. In his response to the partial summary judgment motion, William Nelson invoked N.D.R.Civ.P. 56(f) and pointed out that his motion to compel remained pending. The district court denied the motion to compel based on "the parties' briefs and hearing oral argument from the parties' respective attorneys."
 

 [¶ 12] Under N.D.R.Civ.P. 26(b)(1)(A), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense," and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Haykel's medical records were relevant to the mental capacity and undue influence issues, particularly where Steven Nelson and Nelson-Hom in their partial summary judgment motion relied on the absence of medical records to attack William Nelson's claims.
 

 [¶ 13] Furthermore, Steven Nelson and Nelson-Hom's argument that the lack of capacity and undue influence claims are irrelevant to this proceeding because the property would be sold and the proceeds divided equally under either scenario ignores the nature of their action. This is a partition action under N.D.C.C. ch. 32-16, which applies "[w]hen several cotenants hold and are in possession of real or personal property." N.D.C.C. § 32-16-01. They claimed their tenant in common, William Nelson, ousted them from the property and sought not only the sale of the property, but payment of rent during the ouster, a remedy granted to them by the court after trial. The concept of ouster is
 
 *485
 
 most frequently applied between cotenants.
 
 See e.g.
 
 ,
 
 Heggen v. Marentette
 
 ,
 
 144 N.W.2d 218
 
 , 219 Syll. 4 (N.D. 1966). Haykel's estate would not necessarily have conveyed the property to the parties as tenants in common, and Steven Nelson and Nelson-Hom have not explained how they could seek damages for ouster if the quitclaim deed is invalid and the property reverted to the estate's residue. Indeed, the 2011 quitclaim deed gave William Nelson the legal right to enter into possession of the premises after Haykel's death, although he could not exclude his cotenants from exercising their equal rights to the property.
 
 See
 

 Simons v. Tancre
 
 ,
 
 321 N.W.2d 495
 
 , 498 (N.D. 1982). Without the quitclaim deed the condominium would have been administered by Haykel's estate and William Nelson could not have legally occupied the property without the permission of the personal representative.
 
 See
 
 N.D.C.C. § 30.1-18-11 ( U.P.C. § 3-711 ). The validity of the quitclaim deed is relevant. The court abused its discretion in denying the motion to compel.
 

 III
 

 [¶ 14] William Nelson argues the district court erred in finding his undue influence and lack of capacity counterclaims were frivolous under N.D.C.C. § 28-26-01(2) and awarding Steven Nelson and Nelson-Hom $2,415.94 in costs and $15,020.33 in attorney fees for "frivolous filings." Steven Nelson and Nelson-Hom argue the court's order does not assess attorney fees against William Nelson because his undue influence and lack of capacity claims were frivolous, but because his counterclaim for breach of quiet enjoyment and other filings were frivolous.
 

 [¶ 15] The district court's order does not separate attorney fee amounts for defending each filing the court found to be frivolous. The court, however, specifically found the motion to compel was frivolous, and we have reversed the court's order denying that motion. The court reasoned the "medical documents" were "unsupported by a legal or factual basis and irrelevant to the partition action before the Court." Because it is unclear what amount was assessed for the improperly denied motion to compel, and because some of the other filings found to be frivolous may have been influenced by the court's erroneous dismissal of the undue influence and lack of capacity claims, we reverse the award of attorney fees and remand for reconsideration.
 

 IV
 

 [¶ 16] Although the partial summary judgment and attorney fee issues are dispositive, we address other issues in this appeal that are likely to arise on remand.
 
 See
 

 State v. Samshal
 
 ,
 
 2013 ND 188
 
 , ¶ 12,
 
 838 N.W.2d 463
 
 .
 

 A
 

 [¶ 17] William Nelson argues the district court erred in ruling he ousted his cotenants from the property.
 

 [¶ 18] In
 
 Hagen v. Hagen
 
 ,
 
 137 N.W.2d 234
 
 , 236 (N.D. 1965), this Court explained:
 

 "While it is true that a cotenant may oust the other cotenants, such ouster cannot be accomplished except by acts so hostile to the rights of the others that his intent to dispossess such other cotenants is clear and unmistakable.
 
 Morrison v. Hawksett
 
 (N.D. [1954] ),
 
 64 N.W.2d 786
 
 ;
 
 Ellison v. Strandback
 
 (N.D. [1953] ),
 
 62 N.W.2d 95
 
 ;
 
 Smith v. Tremaine
 
 ,
 
 221 Or. 33
 
 ,
 
 350 P.2d 180
 
 ,
 
 82 A.L.R.2d 1
 
 [ (1960) ].
 

 "Therefore, before possession of one tenant in common can be adverse as to the other common tenants, the tenant in possession must give notice to his cotenants, either directly or by a course of
 
 *486
 
 conduct which is in direct hostility to the rights of the other cotenants so that a clear ouster of the rights of the cotenants is shown.
 
 Ellison v. Strandback
 
 ,
 
 supra.
 
 "
 

 See also
 

 Handy v. Handy
 
 ,
 
 207 N.W.2d 245
 
 , 246 (N.D. 1973) ;
 
 Heggen
 
 ,
 
 144 N.W.2d at 226
 
 . Whether a cotenant has ousted another cotenant from property is a question of fact which will not be reversed on appeal unless it is clearly erroneous.
 
 See
 

 Young v. Young
 
 ,
 
 37 Md.App. 211
 
 ,
 
 376 A.2d 1151
 
 , 1158 (1977) ;
 
 see generally
 

 Moody v. Sundley
 
 ,
 
 2015 ND 204
 
 , ¶¶ 19, 21,
 
 868 N.W.2d 491
 
 . A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made.
 
 Moody
 
 , at ¶ 9.
 

 [¶ 19] In finding William Nelson had ousted his cotenants, the district court found:
 

 "William has been in exclusive control and possession of the condominium. Without any notice to Steven and Gail, William changed the locks on the condominium and did not give Steven and Gail a key. William informed Steven that if Steven wanted to come over to the condominium he had to bring a witness, not Steven's wife, with him. Gail was informed by William that if she came over to the condominium, he would call the police. William also removed Steven and Gail as insureds on the State Farm condominium insurance."
 

 [¶ 20] The district court's findings are supported by the record, and we conclude the court's ultimate finding that William Nelson ousted his cotenants is not clearly erroneous.
 

 B
 

 [¶ 21] William Nelson argues the district court erred in awarding Steven Nelson and Nelson-Hom rent during the period of the ouster.
 

 [¶ 22] " 'If one tenant is actually ousted or excluded by his cotenant from possession of the whole or any part of the property, the former may recover from the latter to the extent of the value of the use of which he has been deprived.' "
 
 Bangen v. Bartelson
 
 ,
 
 553 N.W.2d 754
 
 , 760 (N.D. 1996) (quoting 2 H. Tiffany,
 
 The Law of Real Property
 
 § 450, at p. 265 (3d ed. 1939) ). Consequently, a tenant in common who has ousted his cotenant is liable to the cotenant for rent or for use of the property.
 
 See
 

 Parceluk v. Knudtson
 
 ,
 
 139 N.W.2d 864
 
 , 873 (N.D. 1966).
 

 [¶ 23] Here, the district court found that Steven Nelson and Nelson-Hom requested that William Nelson pay rent while living in the condominium, but he failed to do so. The court awarded Steven Nelson and Nelson-Hom rent from May 2015 through July 2017 at the rate of $1,500 per month based on expert testimony about the fair rental value of the property. William Nelson does not challenge the amount of rent awarded, but only claims nothing should have been awarded. The court's award of rent during the ouster is not clearly erroneous.
 

 C
 

 [¶ 24] William Nelson argues the district court erred in removing him from the property and in granting Steven Nelson sole authority to handle the sale of the property.
 

 [¶ 25] In
 
 Eastman v. Nelson
 
 ,
 
 319 N.W.2d 134
 
 , 136 (N.D. 1982), this Court explained:
 

 "An action for partition lies within the courts' equity powers.
 
 Knight v. Harrison
 
 ,
 
 43 N.D. 76
 
 , 88,
 
 174 N.W. 632
 
 , 636 (1919). Trial courts necessarily exercise wide judicial discretion in partition actions
 
 *487
 
 to 'do equity' and to make a fair and just division of the property or proceeds between the parties.
 
 Richmond v. Dofflemyer
 
 ,
 
 105 Cal.App.3d 745
 
 , 766,
 
 164 Cal.Rptr. 727
 
 , 739 (1980) ;
 
 Miller v. Miller
 
 ,
 
 222 Kan. 317
 
 ,
 
 564 P.2d 524
 
 , 527 (1977). In exercising its discretion in a partition action, the trial court has great flexibility in fashioning appropriate relief for the parties.
 
 Cummings v. Anderson
 
 ,
 
 22 Wash.App. 634
 
 , 638,
 
 590 P.2d 1297
 
 , 1300 (1979). A trial court's determination of the proper division of property or proceeds between the parties and the form of relief granted will not be disturbed on appeal unless the trial court has abused its discretion.
 
 Miller v. Miller
 
 ,
 
 supra
 
 ,
 
 564 P.2d at
 
 527-528 ;
 
 see
 

 Berg v. Kremers
 
 ,
 
 181 N.W.2d 730
 
 , 731 Syll. ¶ 4 (N.D. 1970)."
 

 See also
 

 Beach Railport, LLC v. Michels
 
 ,
 
 2017 ND 240
 
 , ¶ 10,
 
 903 N.W.2d 88
 
 .
 

 [¶ 26] The district court ordered the condominium to be sold under the authority granted by N.D.C.C. § 32-16-12 and further ordered that William Nelson, who was found to have ousted his cotenants, vacate the property by 5:00 p.m. on July 31, 2017. Although William Nelson argues a formal eviction action under N.D.C.C. ch. 47-32 was required to remove him from the property, he vacated the property by the court's deadline and did not "continue[ ] wrongfully in possession after a judgment in partition." N.D.C.C. § 47-32-01(6). The court granted Steven Nelson "exclusive authority" to sell the property through a licensed real estate agent, but subject to the parties' "right of first refusal on the condominium." William Nelson, a cotenant who ousted his other cotenants, had no absolute right to remain on the property pending its sale. The district court did not abuse its discretion in fashioning appropriate relief for the parties.
 

 D
 

 [¶ 27] William Nelson argues the district court erred in striking several of his affidavits, including his request that the Weston Village Home Owners Association be given notice of the lawsuit. He also requests that a different judge be appointed on remand.
 

 [¶ 28] First, William Nelson has not demonstrated how the Association has any "interest" in the property for purposes of N.D.C.C. § 32-16-05. A district court has broad discretion over evidentiary matters, and that discretion will not be reversed on appeal unless it is abused.
 
 See
 

 Linstrom v. Normile
 
 ,
 
 2017 ND 194
 
 , ¶ 7,
 
 899 N.W.2d 287
 
 . William Nelson has not convinced us the district court abused its discretion. Second, in support of his request for a different judge on remand, William Nelson relies solely on a series of adverse court rulings, which is insufficient to show judicial bias or partiality.
 
 See
 

 Rath v. Rath
 
 ,
 
 2013 ND 243
 
 , ¶ 15,
 
 840 N.W.2d 656
 
 . We deny the request.
 

 V
 

 [¶ 29] The district court erred in granting summary judgment on the lack of capacity and undue influence claims, and we reverse and remand for trial on those issues. We reverse the award of costs and attorney fees and remand for reconsideration. We deny Steven Nelson and Nelson-Hom's request for an award of costs and attorney fees for a frivolous appeal under N.D.R.App.P. 38. We reverse the judgment and remand for further proceedings.
 

 [¶ 30] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 VandeWalle, Chief Justice, concurring specially.
 

 *488
 
 [¶ 31] I reluctantly concur in the result reached by the majority opinion. William Nelson shares equally with his brother and sister in the ownership of the condominium under the quitclaim deed. If the deed is set aside, the property would become part of the estate of his mother. He has shown no evidence that he would have a greater share under his mother's will. If there was no will or valid will, he would receive a one-third share in the condominium, exactly what he received by the quitclaim deed. However, should William prevail in setting aside the quitclaim deed, whether or not his actions to remain in the condominium would be futile, is a matter for a probate proceeding, not a partition action.
 

 [¶ 32] My primary concern lies with reversing the summary judgment on the issue of undue influence and lack of mental capacity. While I agree with the majority at ¶ 9 that undue influence may be proven by circumstantial evidence, unless access to the grantor alone is sufficient, a conclusion with which I do not agree, there is little evidence, circumstantial or otherwise, from which such a finding could be made. Ordinarily in these cases, it is an omitted heir or an heir who receives a lesser share that challenges a deed or will on the grounds of undue influence. William Nelson has produced no evidence to show why he should receive a larger share than his brother and sister.
 

 [¶ 33] Although there may be somewhat more circumstantial evidence as to the mental capacity of the grantor, that too is sparse. Age alone should not be enough. Is age coupled with so-called "mild alcoholism" enough? When coupled with use of prescription drugs and confusion? Perhaps, but these are "claims" of William Nelson with little other evidence to support them.
 

 [¶ 34] We need to be careful that our application of the summary judgment rule does not result in every disgruntled heir being encouraged to challenge instruments on the grounds of incapacity and undue influence, based solely on age and idiosyncratic behavior and access to the maker, in the hopes a finder of fact might conclude the maker should have disposed of the property differently.
 

 [¶ 35] Gerald W. VandeWalle, C.J.