# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 130

Steven J. Nelson, and Gail Nelson-Hom,　　　　　　Plaintiffs and Appellees

　　　v.

William L. Nelson,　　　　　　　　　　　　Defendant and Appellant

No. 20190347

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

DISMISSED IN PART AND AFFIRMED.

Opinion of the Court by McEvers, Justice.

Micheal A. Mulloy, Bismarck, ND, for plaintiffs and appellees.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

**Nelson v. Nelson**
**No. 20190347**

**McEvers, Justice.**

[¶1] William Nelson appeals from a district court judgment denying his claims relating to a quitclaim deed executed by his mother Elsie Haykel before her death. We dismiss a part of Nelson's appeal and affirm the judgment.

I

[¶2] In 2011, at eighty-nine years old, Elsie Haykel executed estate planning documents and a quitclaim deed conveying a remainder interest in a Bismarck condominium to her children, Steven Nelson, Gail Nelson-Hom, and William Nelson. Haykel died in 2014.

[¶3] In January 2016, Steven Nelson and Nelson-Hom sued William Nelson seeking a partition and sale of the condominium. William Nelson counterclaimed, alleging the 2011 quitclaim deed was invalid because Haykel lacked mental capacity and was unduly influenced. The district court entered partial summary judgment in favor of Steven Nelson and Nelson-Hom and this Court reversed and remanded, concluding William Nelson raised genuine issues of material fact on his claims of lack of capacity and undue influence. *Nelson v. Nelson*, 2018 ND 212, ¶¶ 9, 29, 917 N.W.2d 479.

[¶4] After a two-day trial in July and August 2019, the district court entered a judgment concluding the quitclaim deed was valid because Haykel did not lack mental capacity to execute the deed and was not unduly influenced. The judgment also awarded Steven Nelson and Gail Nelson-Hom $6,133.88 in attorney's fees and costs, granted Steven Nelson authority to sell the condominium, and denied William Nelson's discovery claims and his motion to stay the proceedings to reopen Haykel's probate.

II

[¶5] William Nelson raises twenty-one issues on appeal. In summary, he argues: (1) the district court erred in finding Haykel had the mental capacity to execute the quitclaim deed and was not unduly influenced; (2) the court

abused its discretion in awarding Steven Nelson and Gail Nelson-Hom attorney's fees and costs; (3) the court erred in granting Steven Nelson authority to sell the parties' condominium; (4) the court abused its discretion in denying his discovery requests; (5) the court erred in denying his motion to stay the proceedings; and (6) the court was biased against him.

A

[¶6] Before oral argument, Steven Nelson and Gail Nelson-Hom moved to dismiss a portion of William Nelson's appeal, claiming the issues about the sale of the condominium are moot because the property was sold in April 2020.

[¶7] In *Estate of Shubert*, 2013 ND 215, ¶ 12, 839 N.W.2d 811 (citations omitted), this Court discussed dismissing an appeal as moot:

> Courts will not issue advisory opinions and will dismiss an appeal as moot if the issues become academic and there is no actual controversy left to be determined. No actual controversy exists if subsequent events make it impossible for a court to provide effective relief, or if the lapse of time has made the issue moot. Courts will determine a moot issue rather than dismiss an appeal, however, if the controversy is one of great public interest and involves the authority and power of public officials, or if the matter is capable of repetition, yet evading review.

[¶8] William Nelson raised five issues on appeal relating to the sale of the condominium: (1) Steven Nelson's exclusive authority to sell the condominium; (2) Steven Nelson's authority to perform maintenance and pay expenses related to the property; (3) whether the district court should have supervised the sale; (4) the failure to provide the property owners a bona fide right of first refusal; and (5) whether the court should have compelled discovery about a failed sale of the property in January 2018.

[¶9] William Nelson did not attempt to obtain a stay of the judgment ordering the sale of the condominium and granting Steven Nelson authority to handle the sale under N.D.R.Civ.P. 62 or N.D.R.App.P. 8. Rule 62(h), N.D.R.Civ.P., provides that "[i]f the judgment directs the sale . . . of real property, its execution is not stayed on appeal unless an undertaking is executed on behalf

2

of the appellant by at least two sureties, for a sum as directed by the court."
William Nelson did not seek or obtain a stay from the district court or this
Court under either N.D.R.Civ.P. 62(h) or N.D.R.App.P. 8.

[¶10] In *Shubert*, 2013 ND 215, ¶ 5, 839 N.W.2d 811, the district court issued
an order approving a land sale. The appellants appealed the order but did not
seek a stay of the order before the property was conveyed. *Id.* at ¶ 14. This
Court discussed N.D.R.Civ.P. 62(h) and the failure to obtain a stay pending
appeal of a court ordered conveyance of real property. *Id.* at ¶¶ 15-16. We
noted that our earlier decisions have "recognized the failure to obtain a stay
may moot issues raised on appeal," and that "[o]ther courts have recognized
the failure to obtain a stay pending appeal of a court . . . ordered conveyance of
property to third persons not interested in the action moots issues raised on
appeal about the conveyance." *Id.* at ¶¶ 17-18. We held the appellants' failure
to obtain a stay rendered the issues involving the completed land sale moot,
and we dismissed the appeal from the order approving the land sale. *Id.* at ¶
21.

[¶11] Here, William Nelson did not seek a stay of the judgment before the
condominium was sold. In addition, he does not claim his appeal involves great
public interest. We therefore conclude the issues in the appeal relating to the
sale of the condominium are moot, and we dismiss that part of William Nelson's
appeal.

B

[¶12] As to William Nelson's remaining issues on appeal, we conclude the
district court did not clearly err in finding Haykel had the mental capacity to
execute the quitclaim deed and was not unduly influenced. The court's award
of attorney's fees was not an abuse of discretion. The court did not abuse its
discretion in denying William Nelson's discovery requests and his motion to
stay the proceedings. The remainder of William Nelson's arguments are either
without merit, not necessary to our decision, or have not been adequately
briefed. *See Holkesvig v. State*, 2013 ND 1, ¶ 2, 828 N.W.2d 546 (stating "this
Court will not consider arguments not adequately articulated, supported and
briefed"). We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7).

## III

[¶13] The appeal is dismissed in part and the judgment is affirmed.

[¶14] Lisa Fair McEvers
 Jerod E. Tufte
 Daniel J. Crothers
 Stacy J. Louser, D.J.
 Jon J. Jensen, C.J.


[¶15] The Honorable Stacy J. Louser, D.J., sitting in place of VandeWalle, J., disqualified.