# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 237

State of North Dakota,                                             Plaintiff and Appellee

    v.

Joan Leslie Gates,                                              Defendant and Appellant

### No. 20200154

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Seymour R. Jordan, State's Attorney, Crosby, ND, for plaintiff and appellee; submitted on brief.

Joan L. Gates, Sherwood, ND, defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Joan Gates appeals from a district court order denying her motion for summary judgment filed in her criminal case.  We conclude Gates' appellate brief fails to provide us with a reasonable opportunity to address any alleged errors made by the district court.  We dismiss the appeal.

I

[¶2]   In 2013, a jury found Gates guilty of misapplication of entrusted property, a class B felony, for her actions while she was personal representative of the Estate of Lela Gates.  This Court summarily affirmed the conviction.  *State v. Gates*, 2014 ND 99, 859 N.W.2d 929.  The district court ordered Gates to pay $93,257.74 in restitution to the successor personal representative of the Estate.  Gates filed an application for post-conviction relief regarding the restitution order, which was denied by the district court.  On appeal, this Court amended the restitution order to $39,150.23 in total restitution.  *State v. Gates*, 2015 ND 177, ¶ 16, 865 N.W.2d 816.

[¶3]   In July 2019, the clerk of district court sent a letter to Gates stating she owed $28,414 in restitution.  Gates responded, denying she owed that amount in restitution.  In October 2019, Gates sent a letter to the district court, alleging she overpaid her restitution and the court owed her money.  She claimed she paid $70,000 toward her restitution, and the court owes her $30,849.77 because this Court reduced her restitution to $39,150.23.  In response, the clerk of court explained Gates' inheritance from Lela Gates' estate was used to offset Gates' restitution.  The clerk stated Gates' restitution was paid in full, $650 paid by Gates was applied to assessed fines, and no money was owed to her.

[¶4]   In January 2020, Gates moved for summary judgment in her criminal case and Lela Gates' probate case, arguing the district court owed her $30,849.77.  In the criminal file, the court denied her motion, concluding summary judgment was inappropriate because her criminal case had been

completely adjudicated. Gates appealed only from the court's order entered in her criminal case.

## II

[¶5] Gates filed a two-page, single-spaced brief claiming the Renville County district court owes her $30,849.77, plus interest. Rule 28(b), N.D.R.App.P., governs the content and format of appellant's briefs, providing:

> (b) Appellant's Brief. The appellant's brief must contain, under appropriate headings and in the order indicated:
> 
> (1) a table of contents, with paragraph references;
> 
> (2) a table of authorities—cases (alphabetically arranged), statutes, and other authorities—with references to the paragraphs of the brief where they are cited;
> 
> (3) in an application for the exercise of original jurisdiction, a concise statement of the grounds on which the jurisdiction of the supreme court is invoked, including citations of authorities;
> 
> (4) a statement of the issues presented for review;
> 
> (5) a statement of the case briefly indicating the nature of the case, the course of the proceedings, and the disposition below;
> 
> (6) a statement of the facts relevant to the issues submitted for review, which identifies facts in dispute and includes appropriate references to the record (see Rule 28(f));
> 
> (7) the argument, which must contain:
> 
> > (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and
> > 
> > (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); and
> > 
> > (C) if the appeal is from a judgment ordered under N.D.R.Civ.P. 54(b), whether the certification was appropriate; and
> 
> (8) a short conclusion stating the precise relief sought.

[¶6] In *State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389, we explained:

Of the requirements imposed by N.D.R.App.P. 28, three are absolutely imperative for our review. At a minimum, a brief must contain a statement of the issues presented for review; a statement of the facts and, where those facts are disputed, references to the evidentiary record supporting the appellant's statement of the facts; and the appellant's legal argument, including the authorities on which the appellant relies. Without these essential elements included in the appellant's brief, we decline to address the alleged errors because the case is not properly before us.

[¶7] Gates' brief contains the items listed in N.D.R.App.P. 28(b)(1)-(8); however, it fails to adequately explain why the district court erred in denying her motion. Her statement of the issues presented for review reargues issues involved in the Lela Gates' probate case from which she has not appealed. As to the criminal case, Gates' raises issues already resolved in her first two appeals and raises issues not addressed in her motion. The statement of the facts include no citation to the record showing how she overpaid her restitution. Her argument includes the following rhetoric, mostly about the probate case, but no legal argument:

Why make ND laws the the ND Renville County Court doesn't follow?? This entire criminal case should have been presented in Renville County probate. The inheritors could never agree on anything and some inheritors felt that there was more money than there ever was. Appellant's Mother Lela Gates was land poor and she lived on very little monthly cash. But her lease land payments did keep her solvent. Most of the Appellant's siblings spend more than they earn. Bob and Lela Gates spent a life time accumulating land only to have it sold to greedy relatives. Appellant is requesting the court allow her the inheritance stated in the Lela Gates will (pg 17, appendix).

In addition, Gates' citations to legal authority have no relevance to any legal argument on how the district court erred.

[¶8] As a self-represented litigant, Gates "is not granted leniency solely because of [her] status as such." *Noack*, 2007 ND 82, ¶ 8. We are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a party's position, and we will not consider arguments not adequately

articulated, supported, and briefed. *Id.* *See also Nelson v. Nelson*, 2020 ND 130, ¶ 12, 944 N.W.2d 335. "The parties have the primary duty to bring to the court's attention the proper rules of law applicable to a case." *Noack*, at ¶ 8.

[¶9]   On the basis of Gates' appellate brief, we are unable to meaningfully review the alleged errors made by the district court. We therefore exercise our authority to dismiss the appeal under N.D.R.App.P. 3(a)(2).

### III

[¶10] We deny the State's request for damages, costs, and attorney's fees under N.D.R.App.P. 38. Gates' appeal is dismissed.

[¶11]  Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte