FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
FEBRUARY 18, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 37

| | |
|---|---|
| Viviana J. Lovett, | Plaintiff and Appellant |
| v. | |
| Antonio R. Lovett, | Defendant and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

### No. 20210198

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

APPEAL DISMISSED.

Opinion of the Court by VandeWalle, Justice.

Christene A. Reierson, Minot, ND, for plaintiff and appellant; submitted on brief.

Kyle R. Craig, Minot, ND, for defendant and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Viviana Lovett appealed from an order denying her motion to modify primary residential responsibility for the children she has with Antonio Lovett. Viviana Lovett argues the district court erred by finding she failed to establish a prima facie case for modification because the divorce judgment stated the parties would revisit the parenting plan if either parent intends to move and Antonio Lovett filed a motion to relocate the children. We do not reach the merits of Viviana Lovett's argument because we conclude the issue on appeal is now moot. We dismiss the appeal.

I

[¶2]   Viviana Lovett and Antonio Lovett divorced in 2018 and have two minor children together. The divorce judgment, which adopted the parties' stipulation, awarded the parties equal residential responsibility for the children and included a parenting plan. The judgment included a provision stating the parenting plan would be reviewed upon the oldest child reaching the age of ten or if either parent intends to move more than 50 miles from their current residence.

[¶3]   In 2019, Antonio Lovett moved to modify primary residential responsibility for the children. In January 2020, the district court granted the father's motion and awarded him primary residential responsibility for the children. The parties agreed to modify certain sections of the parenting plan, the court adopted the parties' stipulation, and judgment was entered. The judgment indicated which paragraphs of the prior judgment were modified and stated all other provisions of the parenting plan incorporated in the 2018 judgment "that do not conflict with the terms agreed upon shall remain unchanged."

[¶4]   In April 2021, Antonio Lovett moved to relocate with the children to Japan. Viviana Lovett moved to modify residential responsibility, arguing the judgment allows a motion to modify residential responsibility in less than two years from the prior order if either party intends to move more than 50 miles and Antonio Lovett's motion to relocate triggers that provision.

[¶5]   In June 2021, the district court denied Viviana Lovett's motion to modify primary residential responsibility, finding she failed to establish a prima facie case for modification because she did not allege any of the statutory exceptions to the two-year time limitation on modification motions applied. In August 2021, the court denied Antonio Lovett's motion to relocate.

II

[¶6]   Viviana Lovett argues the district court erred by finding she failed to establish a prima facie case for modification. She asserts the parties stipulated and the parenting plan provided that they would review the parenting plan upon the oldest child reaching the age of ten or if either parent intends to move more than 50 miles from their current residence. She claims this provision from the 2018 judgment was incorporated by reference in the 2020 judgment, both of those conditions have been met, and therefore she was not required to show any of the statutory exceptions to overcome the two-year time limitation on modifying residential responsibility.

[¶7]   Section 14-09-06.6, N.D.C.C., governs modifications of primary residential responsibility and provides:

> 1. Unless agreed to in writing by the parties, or if included in the parenting plan, no motion for an order to modify primary residential responsibility may be made earlier than two years after the date of entry of an order establishing primary residential responsibility, except in accordance with subsection 3.
> 2. Unless agreed to in writing by the parties, or if included in the parenting plan, if a motion for modification has been disposed of upon its merits, no subsequent motion may be filed within two years of disposition of the prior motion, except in accordance with subsection 5.

3. The time limitation in subsections 1 and 2 does not apply if the court finds:

> a. The persistent and willful denial or interference with parenting time;
>
> b. The child's present environment may endanger the child's physical or emotional health or impair the child's emotional development; or
>
> c. The primary residential responsibility for the child has changed to the other parent for longer than six months.

[¶8]   The party moving to modify residential responsibility within two years of a prior order deciding a motion on its merits is required to establish a prima facie case justifying modification to obtain an evidentiary hearing. N.D.C.C. § 14-09-06.6(4); *Wald v. Holmes*, 2013 ND 212, ¶ 3, 839 N.W.2d 820. "A prima facie case is established by the moving party 'alleging, with supporting affidavits, sufficient facts which, if they remained uncontradicted at an evidentiary hearing, would support a [primary residential responsibility] modification in her favor.'" *Wald*, at ¶ 5 (quoting *Tank v. Tank*, 2004 ND 15, ¶ 9, 673 N.W.2d 622). "Whether a moving party has established a prima facie case for a modification of primary residential responsibility is a question of law which this Court reviews de novo on appeal." *Kerzmann v. Kerzmann*, 2021 ND 183, ¶ 6, 965 N.W.2d 427 (quoting *Baker v. Baker*, 2019 ND 225, ¶ 7, 932 N.W.2d 510).

[¶9]   Here, the district court found Viviana Lovett failed to establish a prima facie case for modification of residential responsibility. The court explained the two-year limitation on a motion to modify does not apply if the court finds any of the exceptions under N.D.C.C. § 14-09-06.6(3), Viviana Lovett did not allege any of the three statutory exceptions, her arguments about Antonio Lovett's proposed move to Japan ignores the 2020 order and assumes the father has already moved, and there is no evidence the move has taken place. The court found it had no option but to deny the motion to modify.

[¶10] Viviana Lovett alleges the judgment allows the district court to modify residential responsibility within two years of a prior order when a parent intends to move more than 50 miles from their current residence. She claims Antonio Lovett requested the court order he be allowed to relocate with the

children to Japan, and therefore she established a prima facie case for modification. However, even if we were to conclude the district court misapplied the law and erred in finding Viviana Lovett failed to establish a prima facie case for modification, the basis for modification no longer exists. The district court subsequently denied Antonio Lovett's motion to relocate. There was no other evidence that he has an intent to move more than 50 miles from his current residence.

[¶11] This Court does not render advisory opinions and there must be an actual controversy to be determined before we can properly adjudicate. *Bies v. Obregon*, 1997 ND 18, ¶ 9, 558 N.W.2d 855. "No actual controversy exists if subsequent events make it impossible for a court to provide effective relief, or if the lapse of time has made the issue moot." *Nelson v. Nelson*, 2020 ND 130, ¶ 7, 944 N.W.2d 335 (quoting *In re Estate of Shubert*, 2013 ND 215, ¶ 12, 839 N.W.2d 811). "An appeal is moot when 'a determination is sought which, when rendered, cannot have any practical legal effect upon a then-existing controversy.'" *Interest of B.A.C.*, 2017 ND 247, ¶ 7, 902 N.W.2d 767 (quoting *Varnson v. Satran*, 368 N.W.2d 533, 535 (N.D. 1985)).

[¶12] Because Antonio Lovett's motion to relocate was denied and the basis for Viviana Lovett's motion to modify no longer exists, our review of the district court's decision would have no practical legal effect. We conclude any issue about whether the district court erred in finding Viviana Lovett failed to establish a prima facie case for modification is moot.

[¶13] Viviana Lovett did not argue to the district court that the parenting plan was subject to review because the oldest child is now ten years old. She raised this issue for the first time on appeal. We will not consider arguments raised for the first time on appeal. *See Orwig v. Orwig*, 2021 ND 33, ¶ 48, 955 N.W.2d 34.

## III

[¶14] We hold the issue raised on appeal is moot, and we dismiss the appeal.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte