20230405
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
05-02-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 84

Joseph Field,                                         Plaintiff and Appellant

v.

Brenda Field,                                         Defendant and Appellee

and

State of North Dakota,                    Statutory Real Party in Interest

## No. 20230405

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Joseph Field, self-represented, San Diego, CA, plaintiff and appellant; submitted on brief.

Brenda Field, self-represented, Bismarck, ND, defendant and appellee; submitted on brief.

**McEvers, Justice.**

[¶1] Joseph Field appeals from an amended judgment modifying his parenting time, shared expenses for his minor child, and decisionmaking authority. Joseph Field argues a California court retained jurisdiction to modify his child support obligation under the Uniform Interstate Family Support Act ("UIFSA"), as enacted in N.D.C.C. ch. 14-12.2; therefore, the Burleigh County district court lacked jurisdiction to modify the child support order. Joseph Field also argues the Burleigh County district court erred in modifying the child custody order because the modified parenting plan is not in the child's best interests. We affirm.

I

[¶2] Joseph and Brenda Field were married and have one minor child, born in 2014. The parties divorced in April 2017 in California. The divorce judgment awarded joint legal and physical custody of the parties' minor child. In August 2017, a California court entered an order on child support and property division, awarding Brenda Field $500 per month in child support and requiring the parties to provide for other specified expenses of the child.

[¶3] In January 2018, the California court issued findings and an order on child custody. The court granted Brenda Field primary physical custody of the child, allowed Brenda Field and the child to move to Bismarck, North Dakota, established a summer and holiday parenting schedule, and allocated the child's visitation travel costs and other child-related expenses between the parties. The court did not modify the child support order previously established. The custody order also stated "venue for all future *custody matters* on this case shall be transferred to Mother's county of residence in North Dakota." (Emphasis added.)

[¶4] Thereafter, Brenda Field and the child moved to Bismarck, North Dakota. In June 2018, Brenda Field requested the Burleigh County district court register the California court's 2017 divorce judgment, order for child

support, and 2018 child custody order. In September 2018, the parties' divorce judgment and orders from the California court were registered in Burleigh County. In March 2022, the Burleigh County district court assumed jurisdiction over the child custody and parenting determinations.

[¶5]   In July 2023, Joseph Field filed a motion to modify his parenting time in the Burleigh County district court. Brenda Field opposed modification. A hearing was held on September 13, 2023. Prior to the hearing, both parties submitted proposed parenting plans. At the hearing, Joseph Field and Brenda Field testified and presented evidence.

[¶6]   On October 12, 2023, the Burleigh County district court issued its findings of fact, conclusions of law, and order for amended judgment regarding parenting time, decisionmaking, and certain expenses to be paid by the parties. Thereafter, Brenda Field filed a proposed amended judgment. Joseph Field objected, arguing, in part, that a recently issued California court order for child support allocated the child's expenses between the parties and the proposed North Dakota judgment would improperly increase his contribution towards their child's expenses. No copy of the alleged California child support order was provided to the court. In denying Joseph Field's objections to the proposed judgment, the court stated it had encouraged the parties to bring the most recent California child support order to North Dakota and, lacking evidence of the ongoing child support litigation in California, would not interfere with the California court's ruling on child support. On October 27, 2023, the court entered a final amended judgment modifying the California court's 2017 judgment and 2018 order registered in North Dakota.

[¶7]   In December 2023, Joseph Field filed a motion for an order to show cause, alleging Brenda Field's failure to comply with the parenting plan. The district court entered an order clarifying the parties' parenting time set forth in the final amended judgement. Joseph Field appeals the final amended judgment.

II

[¶8]   On appeal, Joseph Field argues the amended judgment increased his child support obligation by modifying the shared expenses for the child. He

2

argues the amended judgment does not comply with the UIFSA, N.D.C.C. § 14-12.2, because California retained jurisdiction over child support in this matter, and a California court order entered in October 2023 modified his child support obligation and included these expenses. He further argues a judge in California stated on the record the amended judgment from North Dakota violates the UIFSA.

[¶9] The district court explicitly stated in its order that it was not interfering with the ruling of the California court regarding child support. The California child support order is not included in the record. Nor did Joseph Field provide the court with a transcript of the alleged child support hearing in California. Under Rule 30(a), N.D.R.App.P., a party's references to evidence in any document on appeal must cite to items in the record. This Court does not consider documents that are not in the certified record. *See Brew v. Brew*, 2017 ND 242, ¶ 9, 903 N.W.2d 72.

[¶10] "When the record does not allow for intelligent and meaningful review of an alleged error, the appellant has not carried the burden of demonstrating reversible error." *Brew*, 2017 ND 242, ¶ 11 (quoting *Holden v. Holden*, 2007 ND 29, ¶ 7, 728 N.W.2d 312). Although Joseph Field referenced a California court's child support order, he did not develop the record to show whether the district court exercised jurisdiction over child support. Without the California court's child support order, there is no evidence in the record to support Joseph Field's argument. Likewise, Joseph Field has provided no legal argument or legal authority that shared expenses of a minor child are considered child support under California law. A hearing was held in the Burleigh County district court in December after the California court order on child support was allegedly issued. Even if Joseph Field testified about this issue at the December 2023 hearing, he has not provided a transcript of the hearing in the district court. An appellant assumes the risks and consequences of failing to file a transcript. *Brew*, at ¶ 9. We will not consider arguments not adequately articulated, supported, and briefed. *Nelson v. Nelson*, 2020 ND 130, ¶ 12, 944 N.W.2d 335; *see also Keller v. Keller*, 2024 ND 27, ¶ 13, 2 N.W.3d 695; *Kaspari v. Kaspari*, 2023 ND 207, ¶ 9, 997 N.W.2d 621. Joseph Field's argument regarding lack of jurisdiction under the UIFSA has not been adequately briefed

with citations to legal authority and evidence in the record; therefore, we decline to further address it on appeal.

## III

[¶11] Joseph Field argues the amended judgment modifying parenting time is not in the best interests of the child. He contends generally that the district court's findings on alienation of the child, the sufficiency of each parent's household, the health of the parents, and decisionmaking authority do not reflect the evidence presented. Joseph Field does not dispute that jurisdiction over parenting time was transferred from California to Burleigh County under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), N.D.C.C. ch. 14-14.1.

[¶12] After "an initial custody decision has been made, parenting time modifications are governed by N.D.C.C. § 14-05-22(2) and by standards set forth in caselaw." *Prchal v. Prchal*, 2011 ND 62, ¶ 11, 795 N.W.2d 693 (cleaned up). We have stated:

> To modify parenting time, the moving party must demonstrate a material change in circumstances has occurred since entry of the previous parenting time order and that the modification is in the best interests of the child. A district court's decision to modify parenting time is a finding of fact, which will not be reversed on appeal unless clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if on the entire evidence we are left with a definite and firm conviction a mistake has been made. In applying that standard, we do not reweigh evidence or reassess witness credibility when the evidence supports the district court's findings.

*Id.* (cleaned up). Likewise, a district court's determination on decisionmaking responsibility is a finding of fact, reviewed under the clearly erroneous standard. *Rath v. Rath*, 2018 ND 138, ¶ 8, 911 N.W.2d 919. A parenting plan must include a provision on decisionmaking responsibility, under N.D.C.C. § 14-09-30(2)(a), and that responsibility must be allocated in the best interests

4

of the child, under N.D.C.C. § 14-09-31(2). *Dick v. Erman*, 2019 ND 54, ¶ 14, 923 N.W.2d 137.

A

[¶13] Joseph Field does not dispute there was a material change in circumstances. The district court addressed the applicable best interest factors under N.D.C.C. § 14-09-06.2, and found the statutory best interest factors were equal as applied to both parties.

[¶14] The district court found Brenda Field was not attempting to alienate Joseph Field from the child and that the disagreements regarding the parties' parenting time were directly related to the parties' inability to communicate with each other and compromise for the child's best interests. Regarding summer visitation with the child, the court found that it was not in the child's best interest to shorten or extend Joseph Field's summer parenting time and that the parties needed to work together to facilitate parenting time in accordance with the order. Although the court determined monthly travel to visit the child was not feasible for Joseph Field, the court maintained his monthly visits so that, if able, Joseph Field could avail himself of those parenting times.

[¶15] The district court found neither party produced evidence that either parent was unable to provide adequate care for the child, as "both parties recognize the child's needs and have provided for those needs since the parties split and moved households." The court further found both Brenda Field and Joseph Field provided a sufficient home environment for the child.

[¶16] Joseph Field makes no argument that the district court's findings were clearly erroneous. Rather, his arguments amount to a request for this Court to reweigh the evidence or substitute our judgment for that of the district court. Reviewing the record as a whole, we conclude the court's decision to modify the parties' parenting time was not induced by an erroneous view of the law, evidence exists in the record to support the court's findings, and the court did not clearly err in evaluating the best interest factors.

B

[¶17] Joseph Field argues the district court order on decisionmaking authority should be vacated and proposes there be a court-appointed family coordinator. He argues that despite the parties having joint decisionmaking authority, it is unfair that Brenda Field was given final decisionmaking authority over major decisions if mediation efforts fail.

[¶18] The district court granted both parties decisionmaking responsibility, and required the parties consult with each other for all major decisions. The court further required that if the parties cannot agree, the parties must use an agreed upon qualified third-party neutral to help them reach a decision. In addition, in the event that mediation is unsuccessful, Brenda Field has the final authority over the decision, and if Joseph Field believes the decision is not in the best interests of the child, he may seek court intervention.

[¶19] Again, Joseph Field makes no argument that the district court's findings were clearly erroneous. Rather, his argument amounts to a request for this Court to reweigh the evidence or substitute our judgment for that of the district court. Reviewing the record as a whole, we conclude the court's determination on decisionmaking authority was not induced by an erroneous view of the law, evidence exists in the record to support the court's findings, and the court did not clearly err in granting Brenda Field decisionmaking authority after mediation efforts fail. We affirm the court's decision regarding parenting time.

IV

[¶20] We have reviewed Joseph Field's remaining arguments and conclude they are unnecessary to our decision or are without merit. We affirm the amended judgment.

[¶21] Jon J. Jensen, C.J.
　　　 Daniel J. Crothers
　　　 Lisa Fair McEvers
　　　 Jerod E. Tufte
　　　 Douglas A. Bahr

6